## Connecticut Resources Recovery Authority et al. *v.* Connecticut Light and Power Company (12366)

Lavery, Heiman and Spear, Js.

Argued February 14—decision released May 3, 1994

*William H. Narwold,* with whom, on the brief, was *David D. Legere,* for the appellants (plaintiffs).

*Brian T. Henebry,* with whom, on the brief, was *Philip M. Small,* for the appellee (defendant).

LAVERY, J. The plaintiffs[1] appeal from the trial court's judgment ordering that the dispute between the parties be resolved in proceedings before the department of public utility control (department). On appeal, the plaintiffs argue that the trial court improperly characterized the nature of the parties' dispute and therefore erroneously chose department proceedings instead of arbitration as the appropriate method to resolve the dispute. We affirm the judgment of the trial court.

This dispute arose out of an agreement among the parties under which the plaintiffs own and operate a waste-to-energy facility in Preston. The agreement described the facility as having "nameplate capacity, net of station use, of approximately 13.85 MW." Under the agreement, the defendant, Connecticut Light and Power Company, agreed to buy the facility's entire net electrical output.

After the facility commenced operation, the defendant discovered that the facility's net electrical output exceeded 13.85 megawatts per hour several times for brief periods. The defendant refused to pay the agreed rate for more than 13.85 megawatts of electricity per hour. The defendant asserted that production of more than 13.85 megawatts was in excess of the nameplate capacity and, therefore, not governed by the agreement. The plaintiffs argued that the defendant agreed to buy the entire output of the facility at the rate established in the agreement.

After the defendant stopped paying the agreed rate for electricity in excess of 13.85 megawatts, the plaintiffs brought suit seeking to compel arbitration under

---

[1] The plaintiffs in this action are the Connecticut Resources Recovery Authority, the Southeastern Connecticut Regional Resources Recovery Authority and the American Ref-Fuel Company of Southeastern Connecticut.

§ 28 (b) of the agreement.[2] The plaintiffs argued that the defendant disputed the manner in which the plaintiffs were operating the facility. The defendant contended that the sole disputed issue was the appropriate rate applicable to the facility's excess output and, therefore, the dispute fell under the jurisdiction of the department under § 28 (a) of the parties' agreement.[3] The defendant argued that, even if it did have information on which to claim that the facility was being operated in violation of the parties' agreement, resolution of that issue would not affect the parties' rate dispute.

After a hearing, the trial court found as a fact that the dispute between the parties was "what is the rate that [the defendant] is required to pay for excess electrical output, if any." "It is not our function to examine the record to see if the trier of fact could have reached a contrary conclusion. . . . [W]e are not permitted to reject a factual finding on appeal merely because we, as a reviewing court, might disagree with the conclusion or would have reached a different result had we been sitting as the factfinders." (Citation omitted; internal quotation marks omitted.) *Owens* v. *New Britain General Hospital,* 32 Conn. App. 56, 71, 627 A.2d 1373, cert. granted, 227 Conn. 923, 632 A.2d 701 (1993). "The factual findings of a trial court on any issue are reversible only if they are clearly erroneous. . . . A finding of fact is clearly erroneous when there is no

[2] Section 28 (b) of the parties' agreement provides: "Any dispute under this Agreement involving Prudent Engineering and Operating Practices, electrical characteristics, construction, operation and maintenance of the Facility, or other engineering or technical issues shall be resolved by binding arbitration . . . ."

[3] Section 28 (a) of the parties' agreement provides: "Any disputes regarding payments from [the defendant] to [the plaintiffs] or interpretation of this Agreement not covered by subsection (b) below . . . shall be presented to the [department] and the matters submitted to it shall be subject to appeal in the normal manner for appeals from decisions of the [department]."

evidence in the record to support it . . . or when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. . . ." (Citations omitted; internal quotation marks omitted.) *Rosick* v. *Equipment Maintenance & Service, Inc.,* 33 Conn. App. 25, 40–41, 632 A.2d 1134 (1993).

The sole evidence in support of the plaintiffs' characterization of the dispute is three letters from the defendant to the plaintiffs in which the defendant questions whether the plaintiffs were in breach of the parties' agreement. The pleadings and evidence support the trial court's findings and we are not persuaded that the findings are clearly erroneous. Therefore, the trial court properly characterized the parties' dispute as a rate issue.

Section 28 (a) of the parties' agreement requires that all disputes not enumerated in § 28 (b) be resolved by the department. Section 28 (b) applies only to disputes regarding engineering and technical issues relating to the construction, operation and maintenance of the facility. Thus, the rate applicable to excess energy does not fall within § 28 (b). Payment disputes, such as the present issue, are to be resolved by the department under § 28 (a).

In this regard, the parties' intent as evidenced by their agreement aligns with the intent of the state legislature that the department regulate and supervise public utilities and establish reasonable rates. See *Greenwich* v. *Dept. of Public Utility Control,* 219 Conn. 121, 126, 592 A.2d 372 (1991). Both the parties' agreement and public policy dictate that this dispute be resolved by the department.

The judgment is affirmed.

In this opinion the other judges concurred.