ANNE GALLANT *v.* MICHAEL ESPOSITO
(12668)

O'CONNELL, FOTI and LANDAU, Js.

Argued October 27, 1994—decision released February 14, 1995

*Louis I. Parley,* for the appellant-appellee (defendant).
*Diane Polan,* for the appellee-appellant (plaintiff).

O'CONNELL, J. This is a dissolution of marriage action in which the defendant appeals from the trial court's postjudgment order increasing his child support payments. He claims that the trial court improperly treated employer contributions to a corporate pension plan as includable in his income for purposes of determining his support payment obligations.

The plaintiff filed a cross appeal, claiming that the trial court (1) improperly refused to order alternate security for child support and (2) improperly refused to award her counsel fees.

We affirm the judgment of the trial court on both the appeal and the cross appeal.

When the parties' marriage was dissolved on October 8, 1992, the plaintiff was awarded custody of their minor child and $142 per week in child support. The defendant was ordered to post security for the support payments in the form of a lien against his shares in a closely held corporation. In May, 1993, the plaintiff moved for modification of child support based on a change of circumstances. Following an evidentiary hearing, the trial court increased the defendant's child support payments by $37 per week. The defendant appealed.

The genesis of this proceeding was the plaintiff's five page, sixteen paragraph motion to modify. The plain-

tiff alleged, inter alia, that the defendant had filed a petition in bankruptcy (paragraph three), that the defendant had a new position as a corporate officer (paragraph nine), that the defendant was deferring compensation into pension funds rather than receiving additional income in order to avoid paying increased child support (paragraph ten), that the defendant had not noted the required lien on his corporate shares (paragraph twelve), that the defendant did not intend to note the lien on his corporate shares (paragraph twelve), that the defendant claimed that the bankruptcy code prevented the plaintiff from enforcing the lien (paragraph thirteen), that the defendant had testified in the bankruptcy proceeding that he did not own any shares in the corporation (paragraph fourteen), and that the lien ordered by the trial court in the dissolution proceeding was now of no value (paragraph fifteen).[1]

The plaintiff contended that the foregoing allegations constituted a substantial change of circumstances entitling her to an increase in child support as well as a bond for security for payment of child support and attorney's fees.

Modification of support is governed by General Statutes § 46b-86 (a), which empowers a trial court to modify a prior order upon a showing of a substantial change in circumstances. "Once a trial court determines that there has been a substantial change in the financial circumstances of one of the parties, the same criteria that determine the initial award of . . . support are relevant to the question of modification. . . . These require the court to consider, without limitation,

_____

[1] Page two of the motion to modify, which apparently contained part of paragraph three and all of paragraphs four through eight, is missing from the record supplied to this court. Examination of the trial court file disclosed that it is missing there also. No motion to rectify the trial court file was made. Practice Book § 4051. We cannot speculate on the contents of the missing paragraphs.

the needs and financial resources of each of the parties and their children, as well as such factors as health, age and station in life." (Citations omitted.) *Hardisty* v. *Hardisty*, 183 Conn. 253, 258–59, 439 A.2d 307 (1981).

This court has repeatedly held that the trial court is not required to make specific, detailed findings on each of the statutory factors it considers. *Askinazi* v. *Askinazi*, 34 Conn. App. 328, 332, 641 A.2d 413 (1994). We do require, however, that the record contain some indication as to the reasoning of the trial court in exercising its discretionary powers. *Ippolito* v. *Ippolito*, 28 Conn. App. 745, 751, 612 A.2d 131, cert. denied, 224 Conn. 905, 615 A.2d 1047 (1992), citing *Markarian* v. *Markarian*, 2 Conn. App. 14, 17 n.2, 475 A.2d 337 (1984); *Zern* v. *Zern*, 15 Conn. App. 292, 295, 544 A.2d 244 (1988). In the present case, the trial court failed to set forth any reasoning whatsoever. Moreover, each of the allegations in the plaintiff's motion for modification is grounded on a factual basis requiring a finding of fact by the trial court.

Practice Book § 4061 explicitly mandates that it is the responsibility of the appellant to provide an adequate record for review. The record here does not contain a written memorandum of decision, nor does the transcript contain a statement of the trial court's finding of facts and conclusions of law. The defendant did not seek articulation of the trial court's decision pursuant to Practice Book § 4051.[2] Absent a memorandum

---

[2] The relevant portion of Practice Book § 4051 provides: "Any motion seeking corrections in the transcript or the trial court record which depend on proof of matters not of record or seeking an articulation or further articulation of the decision of the trial court shall be determined by the judge of the trial court whence the appeal is taken or the reservation is made. The trial court may make such corrections or additions as are necessary for the proper presentation of the preliminary statement of issues . . . or the trial court may approve a stipulation of counsel that such a correction or addition be made, provided the motion or stipulation is presented

of decision clearly stating the court's finding of facts and conclusions of law, we are left to surmise or speculate as to the existence of a factual predicate for the trial court's decision.

"Our role is not to guess at possibilities, but to review claims based on a complete factual record developed by a trial court. . . . Without the necessary factual and legal conclusions furnished by the trial court, either on its own or in response to a proper motion for articulation, any decision made by us respecting this claim would be entirely speculative." (Citations omitted; internal quotation marks omitted.) *State* v. *Hoeplinger*, 27 Conn. App. 643, 647, 609 A.2d 1015, cert. denied, 223 Conn. 912, 612 A.2d 59 (1992).

In *Holmes* v. *Holmes*, 32 Conn. App. 317, 322–23, 629 A.2d 1137 (1993), we discussed the futility of our attempting appellate review when we have not been furnished with a proper record. Without a clear statement of the trial court's findings and its conclusions of law, we would have to resort to conjecture. Without a written memorandum of decision or a clear recitation in the record of the court's findings, we cannot determine if the court's conclusions were reasonable. Id., 322; *State* v. *Rios*, 30 Conn. App. 712, 718–19, 622 A.2d 618 (1993) (*O'Connell, J.,* concurring).[3]

The defendant contends that he satisfied his obligation of furnishing a proper record when he supplied this court with a transcript of the trial court proceedings.

before the appeal is ready to be assigned for hearing and only by leave of the supreme court or the appellate court thereafter. The action of the trial judge as regards such a correction or addition may be reviewed by the court in which the appeal is pending under Sec. 4054. . . ."

[3] *Holmes* and *Rios* were both based on a version of Practice Book § 4059 that did not apply to postjudgment modification orders at the time the present case was heard. The reasoning of both cases is relevant, however, to the § 4061 adequate record requirement. An amendment to § 4059 made it applicable to postjudgment modifications decided after May 31, 1994.

This 146 page transcript of examination and cross-examination of witnesses and colloquies between counsel and the court is not a substitute for factual findings and conclusions of law. For us to study the conflicting testimony of witnesses and draw conclusions would make us fact finders—a role from which appellate courts are barred. *Connecticut Resources Recovery Authority* v. *Connecticut Light & Power Co.*, 34 Conn. App. 246, 248, 641 A.2d 398 (1994).

"[U]nder normal circumstances we will not remand a case to correct a deficiency the appellant should have remedied." *J. M. Lynne Co.* v. *Geraghty*, 204 Conn. 361, 376–77, 528 A.2d 786 (1987); C. Tait, Connecticut Appellate Practice and Procedure (2d Ed. 1993) § 4.1 (a).

The defendant was not alone in his failure to provide an adequate record for review. The plaintiff also failed to furnish any record on which we could base a proper review of her cross appeal.

Because both parties have failed in their duty to furnish an adequate record for review, their claims must fail. *Oakes* v. *New England Dairies, Inc.*, 219 Conn. 1, 16, 591 A.2d 1261 (1991).

The judgment is affirmed.

In this opinion the other judges concurred.