[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiffs include Arrowhead By The Lake Assoc., Inc., an association of condominium unit owners authorized by General Statutes § 47-244(a)(4) to bring a lawsuit in its own name and on behalf of condominium unit owners, and four individual unit owners and members including Robert Bosco ("Bosco"), Stuart Rothenberg ("Rothenberg"), Alan Needleman ("Needleman") and Donald Molta ("Molta"). The plaintiffs commenced this action by filing an application for an ex-parte temporary injunction order and order to show cause, order of service, and complaint upon the defendants on August 24, 1995. The first amendment to the complaint was filed on October 23, 1995.
The complaint is addressed to all the defendants, Arrowhead By The Lake, Inc., Muri Development Corp., Fred G. Musano, Sr. ("Musano"), and Raymond Rinaldi ("Rinaldi"), and consists of twenty-four counts which sound in the foregoing order: Count one, as amended, claims a violation of General Statutes §47-236(a);[1] Count two claims a violation of General Statutes § 47-236 (d);[2] Count three claims a violation of General Statutes § 47-203;[3] Count four claims a violation of General Statutes § 47-211;[4] Count five claims a violation of General Statutes § 47-220(b);[5] Count six, as amended, claims a violation of General Statutes § 47-227(a) and General Statutes § 47-227(c);[6] Count seven claims a violation of General Statutes § 47-229(e);[7] Count eight claims a violation of General Statutes § 47-235(a);[8]
Count nine claims a violation of General Statutes §47-244(b);[9] Count ten claims a violation of General Statutes § 47-254(a);[10] Count eleven claims a violation of General Statutes § 47-254(e);[11] Count twelve claims a violation of General Statutes § 47-263(c);[12] Count thirteen claims a violation of General Statutes § 47-274;[13]
Count fourteen claims a violation of General Statutes §47-278;[14] Count fifteen claims a violation of General Statutes § 47-280(b);[15] Count sixteen claims a violation of General Statutes § 52-552(e);[16] Count seventeen claims a violation of General Statutes § 42-110b;[17] Count eighteen claims a breach of contract; Count nineteen claims fraudulent misrepresentation/omission; Count twenty claims a slander of title; Count twenty-one alleges a scheme to commit larceny; Count twenty-two sounds in conversion; Count CT Page 411 twenty-three sounds in trespass, and Count twenty-four, as amended, sounds in unjust enrichment.
On December 31, 1996, the court (Riefberg, J.) granted the plaintiffs' application for a temporary injunction, pursuant to General Statutes § 52-471, conditioned upon the plaintiffs posting a $300,000 bond.
On January 9, 1998, the defendants Arrowhead by the Lake, Inc. and Rinaldi filed an answer that did not include any special defenses or accompanying affidavits. On February 17, 1998, the defendants Muri Development Corp. and Musano submitted an answer that also did not include any special defenses or accompanying affidavits. On March 2, 1998, the defendant Arrowhead by the Lake, Inc. filed a Brief in Opposition to Plaintiffs' Motion For Summary Judgment.
Summary judgment is ill adapted to cases of a complex nature which often need the full exploration of trial. Miller v. UnitedTechnologies Corp. , 233 Conn. 732, 752, 660 A.2d 810 (1995). "As the moving party for summary judgment, the plaintiff is required to support its motion with supporting documentation, including affidavits." Heyman Associates No. 1 v. Insurance Co. ofPennsylvania, 231 Conn. 756, 796, 653 A.2d 122 (1995). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party[.]" (Internal quotation marks omitted.) Home Ins. Co. v.Aetna Life Casualty Co., 235 Conn. 185, 202, 663 A.2d 1001
(1995). "In ruling on a motion for summary judgment, the court's function is not to decide issues of material fact, but rather to determine whether any such issues exist." Nolan v. Borkowski,206 Conn. 495, 500, 538 A.2d 1031 (1988). Practice Book § 386 authorizes the "severance of claims and partial summary judgments[.]" Delaurentis v. New Haven, 220 Conn. 225, 255 n. 15,597 A.2d 807 (1991). "A summary judgment motion, interlocutory in character, may be rendered on the issue of liability alone, although there is a genuine issue as to damages. In such a case the judicial authority shall order an immediate hearing before a judge trial referee, before the court, or before a jury, whichever may be proper, to determine the amount of the damages."Standish v. Sotavento Corp. , Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 330936 (July 23, 1998,Skolnick, J.).
I. Counts One Through Fifteen — Violations CT Page 412 of the Common Interest Ownership Act (CIOA)
The first fifteen counts in the plaintiffs' motion for summary judgment fall under CIOA. The counts alleged are as follows: the First Count alleges a violation of General Statutes § 47-236(a), "which requires that the Declaration, including any surveys and plans, be amended only by a 67% vote or agreement [of the] unit owners, because the Defendant's Recorded Document also referred to herein as "amended declaration" . . . was recorded without said vote"; (Motion For Summary Judgment, p. 2.); the Second Count alleges a violation of General Statutes § 47-236(d) "because the recording of the Defendants' Recorded Document does not comply with the Section's requirement . . . [for] unanimous consent of the unit owners"; (internal quotation marks omitted) (id., 2-3.); the Third Count alleges a violation of General Statutes § 47-203 "because the Defendants' Recorded Document is a device to evade the limitations or prohibitions of CIOA"; (id.); the "Fourth Count alleges a violation of Conn. General Statutes § 47-211
because the Defendant's Recorded Document is a violation of the Declarants' obligation of good faith and fair dealing as defined in that section"; (id.); the Fifth Count alleges "a violation of General Statutes § 47-220(b) because buildings in which units were located were not substantially completed and a certificate of substantial completion was not recorded before the Recorded Document was recorded . . . "; (id.); "[t]he Sixth Count alleges a violation of General Statutes § 47-227 because the Declarants allocated limited common elements to the Home Site Units when no such right of allocation was reserved in the original Declaration"; (id., 3-4); "[t]he Seventh Count alleges a violation of General Statutes § 47-229(e) because the Defendants' Recorded Document is an illegal attempt to extend expiring special declarant rights and development rights . . ."; (id., 4.); "[t]he Eighth Count alleges a violation of General Statutes § 47-235(a) because the reservation of easements for construction . . . is illegal . . . in that the special declaration rights have expired . . . "; (id.); "[t]he Ninth Count alleges a violation of General Statutes § 47-244(b) because the Defendants' Recorded Document impermissibly imposes limitations on the powers of the Association . . ."; (id.); "[t]he Tenth Count alleges a violation of General Statutes §47-254(a) because the Declarants granted a mortgage on the condominium common elements without the required vote of 80% of the unit owners"; (id., 4-5.); "[t]he Eleventh Count alleges a violation of General Statutes § 47-254(e) in that the CT Page 413 mortgage granted is void because there was no unit owner vote . . ."; (id.); "[t]he Twelfth Count alleges a violation of General Statutes § 47-263(c) because the Declarants prepared and provided a Public Offering Statement to purchasers which contained material false and/or misleading statements or . . . omissions"; (id.); "[t]he Thirteenth Count alleges a violation of General Statutes § 47-274 because the Defendants' Recorded Document, which creates Home Site Units and appurtenant rights, is a violation of the express warranties created by the condominium documents"; (id.); "[t]he Fourteenth Count alleges violation of General Statutes § 47-278 because the Declarant's failure to comply with the provisions of CIOA was willful"; (id.); and "[t]he Fifteenth Count alleges a violation of General Statutes § 47-280(b) because the Declarants have failed to perform their duty of restoring the land to its natural condition after the expiration of their special declaration rights." (Id., 5-6.).
"The defendants argue that "[a]ccording to the generally accepted view, one judge may, in a proper case, vacate, modify or depart from an interlocutory order or ruling of another judge in the same case . . . the order for a temporary injunction . . . does not establish the absence of any material fact in the underlying causes of action alleged in Counts One through Fifteen of the plaintiff's complaint. (Defendant's Brief In Opposition To Motion For Summary Judgment, p. 8.)
"Where a matter has previously been ruled upon interlocutorily,[18] the court in a subsequent proceeding in the case may treat that decision as the law of the case, if it is of the opinion that the issue was correctly decided, in the absence of some new or overriding circumstance." (Internal quotation marks omitted.) Carothers v. Carothers, 215 Conn. 82,107, 574 A.2d 1268 (1990). In Carothers v. Carothers,215 Conn. 107, while considering whether to apply the law of the case doctrine to a temporary injunction the Court stated that "[a] judge should hesitate to change his own rulings in a case and should be even more reluctant to overrule those of another judge." Id.; see also Beekley Corp. v. Doyle, Superior Court, judicial district of Hartford/New Britain at New Britain, Docket No. 046681 (January 17, 1996, Handy, J.) ("[w]here a matter has already been . . . heard and ruled on pursuant to a motion to suppress [in this case an injunction], the court on the subsequent trial . . . may . . . properly treat it as the law of the case, in the absence of some new or overriding CT Page 414 circumstances").
In the present case, the court (Riefberg, J.) set forth the following findings in the memorandum of decision on plaintiffs' application for temporary injunction: "On June 29, 1995, one day before Arrowhead's development rights and special declarant rights expired, Arrowhead recorded an `amended declaration.' Arrowhead's recording of the `amended declaration' was done without seeking unanimous consent of the Association or its members. In the `amended declaration,' Arrowhead attempts to create an additional 72 home site units on the subject property, pursuant to its development rights reserved in Article VIII of the original declaration. . . . The plaintiffs' application for temporary injunction is based only upon the defendants' alleged violation of CIOA." (Memorandum of Decision On Plaintiffs' Application For Temporary Injunction, p. 5-6.) The court held that "General Statutes § 47-236(d) provides in relevant part that `no amendment may create or increase special declaration rights, increase the number of units, [or] change the boundaries of any unit . . .' Article XV § D of the original declaration states that no amendment to a declaration may create or increase special declaration rights, increase the number of units, change the boundaries of any unit. . . ." (Id., 8-9.) "It is undisputedthat the unit owners never conducted a vote to adopt the `amendeddeclaration' and that the unit owners never consented to therecording of the `amended declaration', as required by GeneralStatutes § 47-236 and the original declaration. Additionally,General Statutes § 47-229(e) provides that `[i]f a declarantfails to exercise any development right within the time limitdescribed in the declaration pursuant to § 47-224(a)(8). . . that development right shall lapse.' As Arrowhead's `amended declaration' and attempted exercise of such rights fail to comply with the requirements of CIOA and those found in the original declaration, the court finds that the plaintiffs have a reasonable probability of success on their claims against the defendants." (Emphasis added.) (Id., 10.) "The evidence indicates that the defendants' actions are an unauthorized continuance of its development and special declarant rights, in violation of certain restrictive covenants contained in the original declaration." (Id., 11.)
Moreover, "[i]t is noteworthy that General Statutes §47-254 provides that an association may convey or encumber the common elements only if authorized to do so by eighty percent of the votes of unit owners in the association, a further indication CT Page 415 that an association is not empowered to act on its own as to issues affecting title to common elements and, therefore, is not a statutory substitute for purposes of notice and service of process for the actual owners of the common elements . . ."Middletown v. Meadows Assoc. of Middletown, Inc.,45 Conn. Sup. 261, 266, ___ A.2d ___ (1998).
The plaintiffs' motion for summary judgment relies upon the same complaint and issues determined by the court (Riefberg, J.) in the court's decision granting the plaintiffs' motion for a temporary injunction and since there is an absence of new or overriding circumstances, this court adopts the findings set forth by Judge Riefberg in his memorandum of decision as the law of the case requiring the granting of the plaintiffs' motion for summary judgment as to counts one through thirteen, and fifteen.
As a result, summary judgment should enter on the first count claiming a violation of General Statutes § 47-236(a), which requires that the declaration be amended only by a 67% vote or by agreement of the unit owners, because the amended declaration was recorded without said vote.
Further, plaintiff's motion for summary judgment should be granted as to the second count, claiming a violation of General Statutes § 47-236(d), which requires consent of the unit owners, because there was a lack of consent of the unit owners.
Summary judgment should also enter as to the third count, which alleges a violation of General Statutes § 47-203, because the Defendants' Recorded Document is violative of CIOA.
Similarly, summary judgment should enter as to the fourth count, which alleges a violation of General Statutes §47-211, because the Defendant's Recorded Document is a violation of the Declarants' obligation of good faith and fair dealing.
Plaintiff's motion for summary judgment should also be granted as to the fifth count, which claims a violation of General Statutes § 47-220(b) because buildings in which units were located were not substantially completed and a certificate of substantial completion was not recorded before the amended declaration was recorded.
Clearly, summary judgment should be granted as to the sixth count, sounding in a violation of General Statutes § 47-227, CT Page 416 because the Declarants allocated limited common elements without having reserved these rights in the original Declaration and as to the seventh count, which sounds in a violation of General Statutes § 47-229(e), because the amended declaration improperly extends development rights. Similarly, summary judgment should be granted as to the eighth count, which alleges a violation of General Statutes § 47-235(a), because the reservation of easement rights for construction have expired.
Furthermore, summary judgment should enter as to the ninth count, which alleges a violation of General Statutes § 47-244(b), because the amended declaration, which limits the rights of the association, is illegal and ineffective.
As to the tenth count, which alleges a violation of General Statutes § 47-254(a), summary judgment should enter because the defendants granted a mortgage on common elements without the required vote of unit owners and summary judgment should enter as to the eleventh count, which alleges a violation of General Statutes § 47-254(e), because the mortgage granted is improper and void without a vote by the unit owners.
Summary judgment should also be granted as to the twelfth count, which claims a violation of General Statutes § 47-263(c), because the defendants provided a Public Offering Statement which contained material false and/or misleading statements.
Further, summary judgment should be granted as to the thirteenth count, which claims a violation of General Statutes § 47-274, because the amended declaration violates the warranties provided to the plaintiff by the defendants.
However, summary judgment should be denied as to the fourteenth count, which claims of violation of General Statutes § 47-278 because the Declarant's failure to comply with the provisions of CIOA was willful. Summary judgment is not well suited to matters involving intent; "summary judgment procedure is particularly inappropriate where the inferences of the parties seek to have drawn deal with questions of motive, intent and subjective feelings and reactions." (Internal quotation marks omitted.) Suarez v. Dickmont Plastics Corp. , 229 Conn. 99, 111,639 A.2d 507 (1994). The fourteenth count raises issues of intent and motive and therefore summary judgment should be denied.
As to the fifteenth count, which alleges a violation of CT Page 417 General Statutes § 47-280(b), summary judgment should be granted because the defendants have failed to restore the land to its natural condition after the expiration of their special declaration rights.
The defendants have not raised new circumstances which would dictate not applying the law of the case to this matter. Clearly, the doctrine of the law of the case applies and summary judgment should be granted as to counts one through thirteen, and fifteen because the defendants have failed to properly raise new circumstances[19] which would bring the law of the case into question.
II. Counts Sixteen Through Twenty-Four
The plaintiffs argue the following in counts sixteen through twenty-three of their complaint: "[t]he Sixteenth Count alleges a violation of Conn. Gen. Stat. § 52-552(a) because the mortgage to Mr. Musano and Mr. Rinaldi and the transfer of the units to Muri Development Corp. are fraudulent transfers as defined by § 52-522(e) . . . and were done with the intent to . . . defraud the Plaintiffs"; (complaint, 6.); "[t]he Seventeenth Count alleges a violation of Conn. Gen. Stat. § 42-110(b), the Connecticut Unfair Trade Practices Act ("CUTPA"), because the Declarants' activities constitutes unfair and/or deceptive acts and practices . . ."; (id.); "[t]he Eighteenth Count alleges a breach of contract because the Recorded Document breaches the representations and agreements contained in the Declaration, Public Offering Statement, Marketing Brochures and Purchase Agreements"; (id.); "[t]he Nineteenth Count alleges fraudulent misrepresentation of omission in the Public Offering Statement"; (id.); "The Twentieth Count alleges that the Defendants' Recorded Document and the mortgage constitute a slander of title on the Unit Owners' Property"; (id.); and "[t]he Twenty-first Count alleges a scheme to commit larceny because the Defendants' Recorded Document and mortgage deprives the Unit Owners of their property rights"; (id.); and "[t]he Twenty-third Count alleges a continuing trespass because there are foundations remaining on the Unit Owners' Property, after the Declarants' rights expired." (Id.)
The defendants argue in addressing counts sixteen through twenty-three that "there are many questions of fact left open including the defendants' intent at the time of transfer and/or whether the defendant, Arrowhead by the Lake, Inc., received CT Page 418 reasonable equivalent value in exchange for the mortgage." (Brief In Opposition To Motion For Summary Judgment, p. 9.)
"[S]ummary judgment procedure is particularly inappropriate where the inferences of the parties seek to have drawn deal with questions of motive, intent and subjective feelings and reactions." (Internal quotation marks omitted.) Suarez v.Dickmont Plastics Corp. , supra, 229 Conn. 111. See alsoPicataggio v. Romeo, 36 Conn. App. 791, 794, 654 A.2d 382 (1995) ("[a] question of intent raises an issue of material fact, which cannot be decided on a motion for summary judgment").
It appears that the plaintiff's motion for summary judgment as to count sixteen sounding in a violation of the Uniform Fraudulent Transfer Act, General Statutes § 52-552a, should be denied because intent or reasonably equivalent value is a part of the prima facie case for fraudulent transfers. As noted inSuarez v. Dickmont Plastics Corp. , supra, 229 Conn. 111, andPicataggio v. Romeo, supra, 36 Conn. App. 794, cases involving issues of intent are ill suited for summary judgment.
The plaintiff's motion for summary judgment as to count seventeen alleging a violation of The Connecticut Unfair Trade Practices Act ("CUTPA"), General Statutes § 42-110b, should be denied because there remain issues of material fact. "A simple contract breach is not sufficient to establish a violation of CUTPA, particularly where the count alleging CUTPA simply incorporates by reference the breach of contract claim and does not set forth how or in what respect the defendant's activities are either immoral, unethical, unscrupulous or offensive to public policy." (Internal quotation marks omitted.) CharlieBrown, Inc. v. Northeast Hotel, Superior Court, judicial district of Stamford/Norwalk at Norwalk, Docket No. 103030 (December 3, 1996, Tierney, J.). "Because the threshold factual issue of the intent of the parties to the contract underlies the claims in . . . CUTPA . . . summary judgment is not appropriate . . ."L.G. Masonry Contr. v. Carlin Contr., Superior Court, judicial district of Hartford/New Britain at New Britain, Docket No. 434870 (August 28, 1990, Aronson, J.). Accordingly, the plaintiff's motion for summary judgment as to count seventeen does not set forth sufficient facts to establish a CUTPA claim.
The plaintiff's motion for summary judgment as to count eighteen, alleging breach of contract because the "recorded document breaches the representations and agreements contained in CT Page 419 the Declaration, Public Offering Statement, Marketing Brochures and Purchase Agreements," should be granted in light of the court's factual findings in regard to the plaintiff's motion for temporary injunction.
The motion for summary judgment as to count nineteen claiming fraudulent misrepresentation should be denied because this count raises issues of intent which are inappropriate for summary judgment. See, e.g., Suarez v. Dickmont Plastics Corp. , supra,229 Conn. 111; Picataggio v. Romeo, supra, 36 Conn. App. 794. The essential elements of a claim for fraudulent misrepresentation are "(1) that a false representation was made as to a statement of fact; (2) that it was untrue and known to be untrue by the party making it; (3) that it was made to induce the other party to act on it; and (4) that the latter did so act on it to his injury." (Citations omitted) Pesce v. Connecticut National Bank, Superior Court, judicial district of Litchfield, Docket No. 054542 (July 21, 1992, Dranginis, J.). Summary judgment is inappropriate for such a cause of action; "fraud and misrepresentation cannot be easily defined because they can be accomplished in so many different ways. They present, however, issues of fact." (Citations omitted; internal quotation marks omitted.) Id. Since the nineteenth count raises issues of fact inappropriate for summary judgment, the motion as to this count should be denied.
Similarly, the motion for summary judgment as to count twenty, alleging slander of title, should be denied. The claim raises material issues of fact. "Slander of title is a tort whereby the title of land is disparaged by a letter, caveat, mortgage, lien, or some other written instrument. . . . Slander of title also requires allegations of false statements made withmalice towards the title of the property." (Citation omitted.)Merrill Lynch Equity Access v. Cooper, Superior Court, judicial district of Fairfield, Docket No. 022898 (February 20, 1996,Levin, J.). "[S]ummary judgment . . . is . . . inappropriate where the inferences of the parties seek to have drawn deal with questions of motive, intent and subjective feelings . . ." (Internal quotation marks omitted.) Suarez v. Dickmont PlasticsCorp. , supra, 229 Conn. 111. Accordingly, this count raises a material issue of fact and summary judgment should be denied.
Also, the plaintiff's motion for summary judgment as to count twenty-one, which claims damages for larceny, should be denied as there remains a material issue of fact. "A person commits . . . CT Page 420 larceny when with intent to deprive another of property or to appropriate the same to himself or a third person, he wrongfully takes, obtains or withholds such property from an owner." (Internal quotation marks omitted.) Lawson v. Whitey's FrameShop, 42 Conn. App. 599, 606, 682 A.2d 1016 (1996), rev'd on other grounds, 241 Conn. 678, 697, A.2d 1137 (1997); Marion v.Marion, Superior Court, judicial district of Windham at Putnam, Docket No. 057153 (June 18, 1998, Potter, J.); see also Lapuk v.Simons, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 704542 (January 3, 1995, Corradino, J.) ("[f]or a larceny there must be a specific intent to deprive an owner wrongfully of property"). Summary judgment is inappropriate where the court has to deal with questions of motive and intent.Suarez v. Dickmont Plastics Corp. , supra, 229 Conn. 111. Therefore, since larceny involves issues of intent, which are issues of material fact, summary judgment should be denied as to count twenty-one.
The plaintiff's motion for summary judgment as to count twenty-two, which sounds in conversion, should be granted in light of the court's (Riefberg, J.) factual findings as to the plaintiff's motion for a temporary injunction. "Conversion occurs when one, without authorization, assumes and exercises the right of ownership over property belonging to another, to the exclusion of the owner's rights." Maroun v. Tarro, 35 Conn. App. 391, 396,646 A.2d 251, cert. denied, 231 Conn. 926 (1994).
In the present case, the court (Riefberg, J.) found facts which support the allegations of conversion. Specifically, the court found that "Arrowhead's `amended declaration' attempts, inter alia, to create an additional 72 home site units on the subject property; attempts to change the unit boundary definitions, and; reserves the right to perform construction, to complete improvements, and to have access to home units and common elements. The `amended declaration' changes unit restrictions . . . without seeking the required unanimous consent of the Association or its unit owners." (Memorandum of Decision On Plaintiff's Motion for Temporary Injunction, p. 9.). Further, the court found that the defendants did not conduct a vote to adopt the declaration, nor did they receive the necessary consent of the plaintiffs. Id.
The plaintiff's motion for summary judgment as to count twenty-three, which sounds in trespass, should be denied because intent is an element of the prima facie case for trespass. In CT Page 421 order to prove trespass, a plaintiff must show "(1) ownership of a possessory interest in land . . . (2) invasion, intrusion or entry by the defendant affecting the plaintiff's exclusive possessory interest; (3) done intentionally; and (4) causing direct injury. . . ." (Citation omitted; internal quotation marks omitted.) P.R.I.C.E., Inc. v. Keeney, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 542469 (July 10, 1998, Hale, J.). The demonstration of the defendant's intent is an important element; "[t]he action of trespass to land is used most commonly to describe the intentional and wrongful invasion of another's real property. . . ." (Citation omitted; emphasis added) Id. In light of the intent element of trespass, summary judgment as to this count should be denied.
The plaintiff's motion for summary judgment as to count twenty-four, which sounds in unjust enrichment, should be denied because unjust enrichment is an equitable doctrine which is applied only after it is determined that the plaintiff has no proper remedy at law. "Unjust enrichment . . . applies wherever justice requires compensation to be given for property or services rendered under a contract, and no remedy is available by an action on the contract. . . . A right of recovery under the doctrine of unjust enrichment is essentially equitable, its basis being that in a given situation it is contrary to equity and good conscience for one to retain a benefit which has come to him at the expense of another." (Citations omitted; internal quotation marks omitted.) Bent v. Green, 39 Conn. Sup. 416, 425,466 A.2d 322 (1983). In the present case, the question as to whether the plaintiffs will receive a remedy at law remains to be determined. Consequently, the motion for summary judgement as to this count should be denied.
Accordingly, based on the foregoing, the plaintiff's motion for summary judgment is granted as to counts one through thirteen, fifteen, eighteen, and twenty-two. The motion is denied as to counts fourteen, sixteen, seventeen, nineteen through twenty-one, twenty-three and twenty-four.
WEST, J.