[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT
The plaintiff, Brunilda Rodriguez, brings this lawsuit in five counts against her former employer, the defendant, Host International, Inc. (Host), alleging that she was wrongfully terminated from her employment as a result of prior work related injuries. The pertinent facts are as follows: The plaintiff was hired by the defendant, on September 19, 1995, to work as a cashier at a concession area at Bradley International Airport and was subsequently promoted to Accounting Clerk II on March 14, 1997. Rodriguez' primary job responsibilities were to verify, record, and witness cash amounts turned in by associates who had responsibility for cash handling. She was injured as a result of slip and fall incidents which occurred on the defendant's premises on or about August 15, 1997, and February 8, 1998, and filed claims for workers' compensation benefits following each incident. She was terminated on September 14, 1998.
The plaintiff alleges in count one that she was terminated in violation of General Statutes § 31-290a for filing workers' compensation claims and further alleges claims for breach of express and implied contracts in counts two and three. In count four, she claims that the defendant breached the covenant of good faith and fair dealing implied in her contract of employment; in count five she sets forth a claim for negligent infliction of emotional distress.
The defendant moves for summary judgment as to all five counts of the plaintiff's complaint on the grounds that there are no genuine issues of material fact and that the defendant is entitled to judgment as a matter of law. The defendant and plaintiff have each filed memoranda with supporting documentation.
 I
"[S]ummary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." (Internal quotation marks omitted.) Milesv. Foley, 253 Conn. 381. 385, 752 A.2d 503 (2000). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." (Internal quotation marks omitted.) Id., 386. "The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Citation omitted; internal quotation marks omitted.) Id. CT Page 15864
"Summary judgment is inappropriate where the inferences that the parties seek to have drawn deal with questions of motive, intent and subjective feelings and reactions." Tryon v. North Branford,58 Conn. App. 702, 707, 755 A.2d 317 (2000). "A question of intent raises an issue of material fact, which cannot be decided on a motion for summary judgment." Picataggio v. Romeo, 36 Conn. App. 791, 794,654 A.2d 382 (1995). "[T]he party opposing summary judgment [however] must present a factual predicate for [her] argument in order to raise a genuine issue of material fact." Wadia Enterprises, Inc. v. Hirschfeld,224 Conn. 240, 250, 618 A.2d 506 (1992).
 A COUNT ONE: RETALIATORY DISCHARGE
The defendant argues that it is entitled to summary judgment as to count one of the plaintiff's complaint because the plaintiff has failed to support her claim and the defendant has provided a legitimate, nondiscriminatory reason for the plaintiff's termination. The defendant further argues that the plaintiff was terminated pursuant to the defendant's progressive disciplinary procedure set forth in its handbook.
The plaintiff argues that she has produced sufficient evidence indicating that the defendant's proffered reason for terminating her employment was a pretext for retaliation and, therefore, a violation of General Statutes § 31-290a.[1] The plaintiff further contends that the requisite discriminatory intent is a question for the trier of fact to determine.
The United States Supreme Court has "established an allocation of the burden of production and an order for the presentation of proof in . . . discriminatory-treatment cases. St. Mary's Honor Center v. Hicks, [509 U.S. 502, 506, 113 S.Ct. 2742, 125 L.Ed.2d 407] (1993)." (Internal quotation marks omitted.) Reeves v. Sanderson Plumbing Products, Inc.,530 U.S. ___, 120 S.Ct. ___, 147 L.Ed.2d 105, 116 (2000). "First, the plaintiff must establish a prima facie case of discrimination." Id. "The burden [then shifts] to [the] respondent to produc[e] evidence that the plaintiff was rejected, or someone else was preferred, for a legitimate, nondiscriminatory reason." (Internal quotation marks omitted.) Id., 117. "[T]he ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against the plaintiff remains at all times with the plaintiff . . . [a]nd in attempting to satisfy this burden, the plaintiff — once the employer produces sufficient evidence to support a nondiscriminatory explanation for its decision — must be afforded the opportunity to prove by a preponderance of the evidence that CT Page 15865 the legitimate reasons offered by the defendant were not its true reasons, but were a pretext for discrimination." (Citation omitted; internal quotation marks omitted.) Id. "[T]he plaintiff may attempt to establish that [she] was the victim of intentional discrimination by showing that the employer's proffered explanation is unworthy of credence." (Internal quotation marks omitted.) Id. "[A]lthough the presumption of discrimination `drops out of the picture' once the defendant meets its burden of production, St. Mary's Honor Center, [supra, 509 U.S. 511], the trier of fact may still consider the evidence establishing the plaintiff's prima facie case and inferences properly drawn therefrom . . . on the issue of whether the defendant's explanation is pretextual." (Internal quotation marks omitted.) Id.
"[T]he factfinder's rejection of the employer's legitimate, nondiscriminatory reason for its action does not compel judgment for the plaintiff" (Emphasis in original.) Id., 119; see also St. Mary's HonorCenter v. Hicks, supra, 509 U.S. 511. "[I]t is not enough . . . todisbelieve the employer; the factfinder must believe the plaintiff's explanation of intentional discrimination." (Emphasis in original; internal quotation marks omitted.) Reeves v. Sanderson PlumbingProducts, Inc., supra, 147 L.Ed.2d 119. "[I]t is permissible for the trier of fact to infer the ultimate fact of discrimination from the falsity of the employer's explanation." (Emphasis in original.) Id.; see also St. Mary's Honor Center v. Hicks, supra, 509 U.S. 511.
"`The burden that an employment discrimination plaintiff must meet in order to defeat summary judgment at the prima facie stage is de minimus.'McClee v. Chrysler Corporation, 109 F.3d 130, 134 (2nd Cir. 1997)." (Emphasis in original.) D'Agata v. Sears, Superior Court, judicial district of New Britain, Docket No. 483475 (August 11, 1999, Robinson,J.). "The plaintiff; to make out a prima facie case of retaliatory discharge, must establish through de minimus evidence, "(a) participation in a protected activity known to the defendant; (b) an employment action disadvantaging the plaintiff and (c) a causal connection between the protected activity and the adverse employment action.' Dubois v. State ofNew York, 966 F. Sup. 144, 147 (N.D.N.Y. 1997); Johnson v. Palma,931 F.2d 203, 207 (2nd Cir. 1991)." Id. "`A causal connection may be established either indirectly by showing that the protected activity was followed closely by discriminatory treatment, or through other evidence such as disparate treatment of fellow employees who engaged in similar conduct, or directly through evidence of retaliatory animus directed against a plaintiff by the defendant.'" Id., quoting Johnson v. Palma, supra, 931 F.2d 207.
The defendant argues that it is entitled to summary judgment as to count one because it has provided a legitimate nondiscriminatory reason CT Page 15866 for issuing discipline to the plaintiff in August and September, 1998, and for terminating the plaintiff pursuant to its progressive discipline policy. (Defendant's Supplemental Memorandum, August 31, 2000, p. 9.) The defendant has provided documentation that the plaintiff agreed with at least some of her discipline and further provided documentation of the warnings. to the plaintiff; which indicate the plaintiff signed the warnings and thereby acknowledged the discipline. (Defendant's Memorandum, April 7, 2000, Exhibit 3, Rodriguez' Deposition, p. 31 and exhibits attached.) For the reasons that follow, the defendant's motion for summary judgment as to count one is denied.
The plaintiff has sufficiently shown that she was engaged in a protected activity, namely, the collection of workers' compensation benefits. Further, it is undisputed that the plaintiff was terminated from the defendant company. The plaintiff argues that she has provided circumstantial evidence indicating a causal connection, namely, the timing of her termination and inconsistent application of the defendant's progressive disciplinary policies, the combination of which give rise to an inference of retaliatory animus. (Plaintiff's Memorandum, June 9, 2000, p. 7.) In her deposition, the plaintiff states that she was injured in either January or February, 1998, and returned to work at the end of May, 1998. (Defendant's Memorandum, April 7, 2000, Exhibit 3, Rodriguez' Deposition, pp. 99-100.) It is undisputed that the defendant terminated the plaintiff's employment on September 14, 1998.
In D'Agata v. Sears, supra, Superior Court, Docket No. 483475, the court determined that the plaintiff failed to make the requisite prima facie showing of a causal connection, since the plaintiff was fired more than a year after beginning to receive workers' compensation benefits. Here, the plaintiff was fired approximately seven months after beginning to receive workers' compensation benefits for her most recent injury and approximately three months after returning to work from this injury.
In addition, as stated previously, a causal connection may also be established through evidence of disparate treatment. In the present case, there is evidence to support the plaintiff's argument that the defendant inconsistently applied its progressive disciplinary policies with other employees. Specifically, the plaintiff provided a correction action notice for another one of the defendant's employees, which states that "if this violation of company policy occurs again, it will be grounds for immediate termination." (Emphasis added.) (Plaintiff's Supplemental Memorandum, August 30, 2000, Exhibit C.) The plaintiff; however, was terminated after the defendant applied its progressive discipline policy to her following different violations of company policy.[2] The plaintiff has provided evidence sufficient to raise a genuine issue of material fact as to whether the defendant inconsistently CT Page 15867 applied its progressive discipline policy toward its employees. The plaintiff; therefore, has sufficiently made out a prima facie case of retaliatory discharge based on the timing of her discharge as well as through evidence of disparate treatment.
Although the defendant proffers legitimate, nondiscriminatory reasons for issuing some of the discipline to the plaintiff, the plaintiff met this claim by opposing evidence of causal connection and disparate treatment which may give rise to an inference of unlawful discrimination. Reeves v. Sanderson Plumbing Products, Inc., supra,147 L.Ed.2d 105; St. Mary's Honor Center v. Hicks, supra, 509 U.S. 511. Further, "[a] question of intent raises an issue of material fact, which cannot be decided on a motion for summary judgment." Picataggio v.Romeo, supra, 36 Conn. App. 794. Also, the factfinder may infer discrimination from the falsity of the employer's explanation. Reeves v.Sanderson Plumbing Products, Inc., supra, 147 L.Ed.2d 119; St. Mary'sHonor Center v. Hicks, supra, 509 U.S. 511.
 B Counts Two and Three: Breach of Express or Implied Contracts
The defendant argues that it is entitled to summary judgment as to counts two and three of the plaintiff's complaint because the plaintiff was an employee at will and did not have an express or implied contract with the defendant. The plaintiff argues, in response, that a contract between an employer and employee arises whenever the employer establishes personnel policies or practices and makes them known to its employees. The plaintiff further argues that the defendant breached such express or implied contract when it failed to issue proper progressive discipline to the plaintiff pursuant to its policy.
"[A]ll employer-employee relationships not governed by express contracts involve some type of implied contract of employment. There cannot be any serious dispute that there is a bargain of some kind; otherwise, the employee would not be working." (Internal quotation marks omitted.) Gaudio v. Griffin Health Services Corp., 249 Conn. 523, 532,733 A.2d 197 (1999); Torosyan v. Boehringer Ingelheim Pharmaceuticals,Inc., 234 Conn. 1, 13, 662 A.2d 89 (1995). "[S]tatements in an employer's personnel manual may . . . give rise to an express or implied contract between employer and employee." (Internal quotation marks omitted.)Gaudio v. Griffin Health Services Corp., supra, 249 Conn. 532. "In the absence of [such] language . . . the determination of what the parties intended to encompass in their contractual commitments is a question of the intention of the patties, and an inference of fact." (Internal quotation marks omitted.) Id., 533. "Because it is an inference of fact, CT Page 15868 determining the intent of the parties is within the province of the jury. . . ." (Citations omitted; internal quotation marks omitted.) Id.
The defendant relies upon the disclaimer found within its employee handbook in arguing that the plaintiff should be prevented from relying on the handbook to support her contractual claims.[3] Specifically, the defendant argues that "an employer can protect itself against employee contract claims based on statements made in manuals which include appropriate disclaimer language." (Defendant's Memorandum, April 7, 2000, p. 16.) In Finley v. Aetna Life Casualty Co., 202 Conn. 190, 520 A.2d 208
(1987), the court noted that "by including appropriate disclaimers of the intention to contract, employers can protect themselves against employee contract claims based on statements in personnel manuals." Id., 199 n. 5.
The plaintiff asserts, however, that the progressive discipline policy in Local Policies (18) gives rise to a contractual relationship between the parties. (Plaintiff's Supplemental Memorandum, August 30, 2000, pp. 3-5.) The plaintiff further claims that the language of the discipline policy "clearly indicates that discipline is used to help the employee correct any deficiencies in their performance, which is why the discipline issued is progressive." (Plaintiff's Supplemental Memorandum, August 30, 2000, p. 5.) The plaintiff contends that the defendant did not follow the proper progressive discipline set forth in Local Policies (18) and argues that this document, as opposed to the handbook, does not contain any disclaimer language reserving the employer's right to terminate "at will." (Plaintiff's Supplemental Memorandum, August 30, 2000, Exhibit A.)
In Harrop v. Allied Printing Services, Inc., Superior Court, judicial district of Hartford, Docket No. 583561 (March 24, 2000, Hennessey, J.), the court denied summary judgment, despite the existence of disclaimer language, on the basis that a genuine issue of material fact existed with respect to representations made to the plaintiff at some point prior to the plaintiff being provided an employee handbook. Where employers have disseminated conflicting or contradictory information regarding handbooks, courts have been reluctant to grant summary judgment. See, e.g., Manley v. Blue Cross/Blue Shield of Connecticut, Superior Court, judicial district of New Haven, Docket No. 322213 (September 10, 1996,Corradino, J.) (noting that confusion in personnel manuals is not a matter that can be resolved as a question of law); Wasilewski v.Warner-Lambert Co., Superior Court, judicial district of Ansonia-Milford at Milford, Docket No. 044445 (June 19, 1995, Skolnick, J.) (14 Conn. L. Rptr. 423) (finding that a genuine issue of material fact exists when a disclaimer lacks specificity). The existence of disclaimer language in an employee handbook, therefore, does not always defeat a claim for breach of an express or implied contract, particularly under circumstances where CT Page 15869 other representations have been made independent of a handbook which are not themselves disclaimed.
In the instant case, the plaintiff has provided a sufficient evidentiary basis with respect to the progressive disciplinary procedure to demonstrate that a genuine issue of material fact exists as to whether there was an express or implied contract between the parties. In addition, assuming the defendant's progressive disciplinary procedure constitutes an express or implied contract in which the plaintiff may only be discharged for cause in accordance with Local Policies (18), whether cause for discharge exists must be determined by a trier of fact. Trombley v. Convalescent Center of Norwich, Superior Court, judicial district of New London, Docket No. 543772 (June 30, 1999,Martin, J.).
 C
Count Four: Breach of the Implied Covenant of Good Faith and Fair Dealing
The plaintiff has conceded that summary judgment may be granted as to count four, breach of the implied covenant of good faith and fair dealing. (Plaintiff's Memorandum, June 9, 2000, p. 14.) Therefore, the court grants the defendant's motion for summary judgment as to count four of the plaintiff's complaint.
 D COUNT FIVE: NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
The defendant argues that it is entitled to summary judgment as to count five of the plaintiff's complaint because negligent infliction of emotional distress only arises in the employment context when it is based on unreasonable conduct of the defendant in the termination process. The defendant contends that the plaintiff has failed to establish unreasonable conduct on the part of the defendant that would support a negligent infliction of emotional distress claim.
The plaintiff argues that she has set forth a sufficient claim for negligent infliction of emotional distress. Specifically, the plaintiff argues that she has demonstrated facts in addition to her termination such as acts of harassment and retaliatory acts on the part of the defendant.
In order to state a claim for negligent infliction of emotional distress, "the plaintiff has the burden of pleading that the defendant should have realized that its conduct involved an unreasonable risk of CT Page 15870 causing emotional distress and that distress, if it were caused, might result in illness or bodily harm." (Internal quotation marks omitted.)Parsons v. United Technologies Corp., 243 Conn. 66, 88, 700 A.2d 655
(1997). "[N]egligent infliction of emotional distress in the employment context arises only where it is based upon unreasonable conduct of the defendant in the termination process." (Internal quotation marks omitted.) Id. "The mere termination of employment, even where it is wrongful, is . . . not, by itself, enough to sustain a claim for negligent infliction of emotional distress. The mere act of firing an employee, even if wrongfully motivated, does not transgress the bounds of socially tolerable behavior." (Internal quotation marks omitted.) Id., 88-89.
The plaintiff cites several Superior Court decisions for the proposition that a negligent infliction of emotional distress claim may be brought based on conduct that occurs during the employment relationship. See, e.g., Hankard v. Avon, Superior Court, judicial district of Hartford, Docket No. 565611 (June 22, 1999, Hale, J.); Karanda v. Pratt Whitney Aircraft, Superior Court, judicial district of Hartford, Docket No. 582025 (May 10, 1999, Hale, J.) (24 Conn.L.Rptr. 521). The plaintiff argues that her deposition testimony reveals that during her leave of absence, the defendant's employees made the plaintiff "uncomfortable and anxious" about her work related injuries by telephoning the plaintiff at home and expressing a sense of urgency about her return to work.[4] (Plaintiff's Memorandum, June 9, 2000, p. 3; Defendant's Memorandum, April 7, 2000, Exhibit 3, Rodriguez' Deposition, pp. 79-81.)
The defendant relies upon the plaintiff's deposition in arguing that the plaintiff has failed to show unreasonable conduct of the defendant in the termination process. Specifically, the plaintiff testified that, when she was terminated, the meeting was "as civil as can be." (Defendant's Memorandum, Exhibit 3, Rodriguez' Deposition, p. 63.) The plaintiff further testified that she "felt she was being pushed," meaning out of the company. (Defendant's Memorandum, Exhibit 3, Rodriguez' Deposition, p. 63.) The plaintiff also acknowledged that no one present at the meeting said anything rude or obnoxious. (Defendant's Memorandum, Exhibit 3, Rodriguez' Deposition, p. 63.) Therefore, by her own admission, the plaintiff has failed to demonstrate conduct of the defendant so unreasonable so as to give rise to a claim of negligent infliction of emotional distress. See Parsons v. United Technologies Corp., supra,243 Conn. 88.
 CONCLUSION
Accordingly, the defendant's motion for summary judgment is denied as CT Page 15871 to counts one, two and three of the plaintiff's complaint and granted as to counts four and five of the plaintiff's complaint.
Peck, J.