AVON PLUMBING AND HEATING COMPANY, INC. *v.*
MARK B. FEY ET AL.
(13648)

Dupont, C. J., and Landau and Schaller, Js.

Argued September 27, 1995—decision released February 13, 1996

*David R. Clemens*, for the appellant (plaintiff).

*John A. Spector*, for the appellees (defendants).

DUPONT, C. J. The primary issue in this appeal is whether the Home Improvement Act (act); General Statutes §§ 20-418 through 20-432; precludes recovery in quantum meruit or for unjust enrichment by a plumbing corporation for work done by its licensed plumber employees on premises covered by the act if there is no written contract between the home owner and the corporation. The defendants[1] claim that the lack of a written contract as required by General Statutes § 20-429 (a) (1)[2] of the act prevents recovery, whereas the plaintiff claims that it is entitled to an exemption from the provisions of § 20-429 because of General Statutes § 20-428 (4).[3] The issue has not yet been decided by an appellate court of this state.

The plaintiff's complaint alleges that, from February through April, 1991, the plaintiff provided plumbing supplies, goods and services to the defendants' real property at a cost of $8626.95, and that the defendants failed to pay when the bill was presented. The defendants assert, as a special defense, that the plaintiff cannot recover because the parties had no written contract as required by § 20-429 (a) (1).

A fact finder recommended judgment for the plaintiff in the amount of $6713.51 on the counts of its complaint seeking recovery in quantum meruit and unjust enrichment. The fact finder concluded that the defendants had not met their burden of proof as to their special

[1] The defendants in this appeal, Mark B. Fey, Jill H. Fey and Laurel B. Fey, are the joint owners of the real property where the work was performed.

[2] General Statutes § 20-429 (a) provides in relevant part: "No home improvement contract shall be valid or enforceable against an owner unless it: (1) Is in writing . . . ."

[3] General Statutes § 20-428 provides in relevant part: "This chapter [General Statutes § § 20-418 through 20-432] shall not apply to any of the following persons or organizations . . . (4) any person holding a current professional or occupational license issued pursuant to the general statutes, provided such person engages only in that work for which he is licensed."

defense that the written contract requirement of the act; General Statutes § 20-429; barred recovery. The fact finder also found that the bill of $7898.24 should be discounted by $1184.73, and that the plaintiff was not entitled to statutory interest pursuant to General Statutes § 37-3. Both parties objected to the fact finder's report, the defendants on the ground that the plaintiff corporation could not be a licensed plumber for the purposes of the exemption of § 20-428 (4), and the plaintiff on the grounds that the cost of its services and goods should not have been discounted and that it was entitled to statutory interest. The trial court rendered judgment for the defendants, holding that "a corporation engaged in plumbing work on a home improvement project is not exempt from the Home Improvement Act even if all the work is performed by individuals holding current Chapter 393 occupational licenses for plumbers."[4]

The defendants' basic argument is that a corporation cannot hold a plumber's license, and, therefore, the plaintiff's allegations that it is a corporation, as well as a licensed plumber, are fatal to its cause of action because the latter allegation is incapable of proof. The defendants further claim that even if the plaintiff corporation could be considered a licensed plumber because it hired licensed plumber employees who performed the work, the plaintiff here could not prevail because it did not prove that the licenses of the employees involved in performing the work for the defendants were valid during the period of time the work was done.

---

[4] The court in its memorandum of decision stated that had it concluded that the exemption of § 20-428 (4) applied to the plaintiff, the court had "tentatively" concluded that it would not have discounted the plaintiff's bill and would have awarded statutory interest "from the Spring of 1990 to the date of judgment." The court also stated in its memorandum of decision that "[t]he result required here is far from justice"; that the "defendants have obtained a substantial windfall"; but that "this result is mandated by law."

The resolution of this case depends on our analysis of §§ 20-429 (a) (1), 20-428 (4), 20-419 (7)[5] and 20-337,[6] the evidence introduced and the findings made by the fact finder.

The plaintiff's complaint, dated March 9, 1992, alleged in its first count that it was a licensed plumber under the provisions of § 20-330 et seq., that it had performed plumbing work for the plaintiffs from February, 1991, to April, 1991, in exchange for a promise to pay, that the work cost $8626.95, that one of the defendants, Mark Fey, had initiated the work, that Mark Fey had repeatedly acknowledged the debt, that the parties had had previous business dealings, that the services were provided without a written contract because of the personal and prior business relationships between Mark Fey and the vice president of the plaintiff,[7] and that throughout 1991 Mark Fey raised no substantive defense to payment but stated only that he did not have the funds to pay the plaintiff.[8] The second count alleged

---

[5] General Statutes § 20-419, which governs definitions for the Home Improvement Act, provides in relevant part: "(7) 'Person' means an individual, partnership or corporation."

[6] General Statutes § 20-337, which is in chapter 393, dealing with the licensing of plumbers and others, provides: "Nothing in this chapter shall require that the ownership or control of a business engaged in providing the work or services licensed under the provisions of this chapter be vested in a licensed person, but all the work and services covered by the definitions set forth in section 20-330 shall be performed by persons licensed for such work or occupation under this chapter."

[7] The plaintiff's vice president testified that he had known Mark Fey for four or five years and that the corporation had performed work in the past without written contracts for the architectural firm for which Fey worked.

[8] The plaintiff made no argument of bad faith before the fact finder nor did it specifically allege bad faith on the part of the defendant in its complaint. In dicta contained in *Barrett Builders* v. *Miller*, 215 Conn. 316, 576 A.2d 455 (1990), it is stated that if a home owner has engaged in bad faith, he or she may not assert the protection of the act to avoid what otherwise would be a valid and enforceable contract. Bad faith is defined in another case as "neglect or refusal to fulfill some duty or some contractual obligation, not prompted by an honest mistake as to one's rights or duties, but by some interested . . . motive." (Internal quotation marks omitted.) *Wadia*

estoppel, the third count, an implied promise to pay, the fourth count, unjust enrichment, and the fifth count, quantum meruit.

After the fact finder's report was filed, the plaintiff attempted to amend its complaint to allege that its employees were licensed plumbers, and to delete the allegation that it was a licensed plumber under the provisions of § 20-330 et seq. The trial court denied the motion to amend on the ground that it was untimely because it was filed five months after the fact finder's report was filed, and because it would not have made any difference in determining whether the plaintiff's cause of action was barred by § 20-429 (a) (1).

A trial court has wide discretion in granting or denying amendments and such a ruling can be reversed only on a clear showing of abuse of discretion. *Saphir* v. *Neustadt*, 177 Conn. 191, 206, 413 A.2d 843 (1979). Under the circumstances of this case, where the amendment was sought long after any need for it should have been known, we cannot conclude that there was an abuse of discretion.

Because we conclude that the court did not abuse its discretion by denying the motion to amend the complaint, we must evaluate the claims of the parties on the basis of the original complaint, which alleged that "Avon Plumbing is a licensed plumber, pursuant to Chapter 393 of the Connecticut General Statutes (C.G.S. § 20-330 et seq.)." Based on that allegation, the question is whether the court was correct, as a matter of law, when it held that a corporation hiring licensed plumbers cannot be a licensed plumber for purposes of the exemption provided in the act. If the corporation could be a licensed plumber for purposes of the exemption of

*Enterprises, Inc.* v. *Hirschfeld*, 224 Conn. 240, 248, 618 A.2d 506 (1992); see also *Habetz* v. *Condon*, 224 Conn. 231, 237, 618 A.2d 501 (1992).

§ 20-428 (4), the remaining question would be whether a fact finder could find on the evidence before it that the employees of the corporation were licensed plumbers on the date the work was performed. The trial court did not address this issue because it determined as a matter of law that the plaintiff, as a corporation, could not recover regardless of whether its employees were licensed plumbers.

The plaintiff argues that the trial court could not have rendered judgment for the defendants without rejecting the facts found by the fact finder because the fact finder had recommended judgment for the plaintiff. The trial court, however, did not upset any facts found, but concluded, as a matter of law, that the exemption of § 20-428 (4) cannot apply to a corporation because only a person can be licensed as a plumber. We do not, therefore, reach the questions raised by the plaintiff relating to the trial court's alleged lack of power to reject the facts found in the report of the fact finder.[9]

The definition of "person" in the act; General Statutes § 20-419 (7); which includes corporations, is dispositive of the meaning of the word "person" as used in § 20-

---

[9] "[Practice Book] Sec. 546J. ——Action by Court

"After review of the finding of facts and hearing on any objections thereto, the court may take the following action: (1) render judgment in accordance with the finding of facts; (2) reject the finding of facts and remand the case to the fact-finder who originally heard the matter for a rehearing on all or part of the finding of facts; (3) reject the finding of facts and remand the matter to another fact-finder for rehearing; (4) reject the finding of facts and revoke the reference; (5) remand the case to the fact-finder who originally heard the matter for a finding on an issue raised in an objection which was not addressed in the original finding of facts; or (6) take any other action the court may deem appropriate.

"The court may correct a finding of facts at any time before accepting it, upon the written stipulation of the parties.

"The fact-finder shall not be called as a witness, nor shall the decision of the fact-finder be admitted into evidence at another proceeding ordered by the court."

428 (4). Because § 20-428 (4) exempts from the written contract requirement of § 20-429 (a) (1) "persons" with current occupational licenses and "persons" is defined as including corporations, we conclude that if work is done by a licensed plumber who works for a corporation, the lack of a written contract between the corporation and a home owner does not bar recovery by the corporation for the work performed.

Furthermore, General Statutes § 20-337, which is also a component of title 20 dealing with the licensing of plumbers, makes it clear that the ownership of a business that provides the services of licensed persons need not be in the control of a licensed person. The plaintiff's allegation that it was a licensed plumber is, therefore, capable of proof. If Avon's employees are licensed plumbers, Avon is considered licensed also for purposes of § 20-428 (4).

The purpose of the act is to ensure that home improvements are performed by qualified people. That purpose will not be subverted by allowing businesses with a corporate structure that hire licensed plumbers for the performance of their plumbing work to be exempt from the necessity of a written contract.

The defendants argue that even if a written contract was not required, it could not be concluded from the evidence that the employees who performed the work on the defendants' premises were licensed plumbers at the time the work was performed.[10] The vice president of the plaintiff who entered into the oral contract with the defendants testified that he had been a licensed

---

[10] If work performed on premises is done pursuant to an oral contract by an unlicensed worker, there may be no violation of the act if a licensed contractor is responsible for any poor performance done by an unlicensed worker. *O'Donnell* v. *Rindfleisch*, 13 Conn. App. 194, 535 A.2d 824, cert. denied, 207 Conn. 805, 540 A.2d 373 (1988).

plumber for fifteen years as of December 11, 1992, that he had an unlimited master's license, and that he supervised the work done by the plaintiff for the defendants. If his testimony was credible, he was, therefore, a licensed plumber when the work was performed on the defendants' premises in 1991. The plaintiff's vice president also testified that all the plumbers working on the defendants' property were licensed plumbers. Although an objection to that testimony was later sustained by the fact finder, the evidence was before the fact finder because the vice president had previously testified to that fact and because his affidavit stated that. The plaintiff introduced copies of plumbing and heating licenses issued by the state for the employees who worked on the defendants' project. The licenses covered from October, 1991, to October, 1993, which is after the work was performed. These licenses, however, coupled with the testimony of the plaintiff's vice president, were evidence from which the fact finder could have inferred that the employees were licensed at the time of the work. Although the fact finder made no explicit finding as to the licenses of the plaintiff's employees at the time the work was performed, his decision implies that they were so licensed because he otherwise could not logically recommend judgment for the plaintiff.

The judgment is reversed and the case is remanded for further action pursuant to Practice Book § 546J.

In this opinion the other judges concurred.