[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT #143 (DATED SEPTEMBER 22, 1999)
CT Page 6772 MOTION FOR SUMMARY JUDGMENT #147 (DATED NOVEMBER 4, 1999)
The revised complaint alleges the following facts. On or about April 16, 1996, the defendant, Unico, Inc. (Unico), designed, engineered and manufactured the Unico Total Comfort Heating/Cooling System (Unico system). On April 16, 1996, the plaintiffs. Patricia Romanello and Daniel Romanello, purchased a Unico system from the defendant, Santa Fuel, Inc. (Santa Fuel), an authorized Unico distributer and dealer. Santa Fuel installed the Unico system in the plaintiffs' home. The plaintiffs allege that the Unico system failed to properly and adequately heat and cool their home.
On February 18, 1998, the plaintiffs filed a revised complaint alleging that Santa Fuel has violated the provisions of the Home Improvement Act (HIA), General Statutes § 20-418 et seq., the Home Solicitation Sales Act (HSSA), General Statutes § 42-134a et seq., and the Connecticut Unfair Trade Practices Act (CUTPA), General Statutes § 42-110a et seq. On September 28, 1999, the plaintiffs filed a motion for summary judgment against Santa Fuel as to the ninth and tenth counts of the revised complaint. On November 5, 1999. Santa Fuel filed a cross motion for summary judgment as to counts nine and ten. The plaintiffs have submitted a memorandum of law in-support of their motion and a memorandum of law in opposition to the cross motion. Santa Fuel has submitted a memorandum of law in support of its cross motion and in opposition to the plaintiffs' motion.
"Summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." (Internal quotation marks omitted.) Alvarezv. New Haven Register, Inc., 249 Conn. 709, 714, 735 A.2d 306 (1999). "The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Citation omitted: internal quotation marks omitted.)Rivera v. Double A Transportation, 248 Conn. 21, 24, 727 A.2d 204 (1999).
The plaintiffs move for summary judgment on the ground that there is no genuine issue of material fact that Santa Fuel failed to include a cancellation provision in the parties' home improvement contract, in violation of the provisions of the HIA and HSSA. In support of their motion, the plaintiffs have submitted a copy of the parties' home CT Page 6773 improvement contract. (See Plaintiffs' Motion for Summary Judgment, dated September 22, 1999, Exhibit A.) The plaintiffs further argue a violation of the HIA is a per se violation of CUTPA. In opposition to the cross motion for summary judgment, the plaintiffs argue that Santa Fuel was not a licensed contractor at the time that they entered into the home improvement contract. Notably, the plaintiffs argue that a corporation cannot be a licensed contractor pursuant to General Statutes §20-330.[1] The plaintiffs have submitted a license history from the Connecticut department of consumer protection stating that Santa Fuel did not have a license to perform heating. piping and cooling work pursuant to § 20-332 et seq. (See Plaintiffs' Objection to Defendant's Motion for Summary Judgment, dated January 14, 2000, Exhibit B, Certificate of Licensure.)
In opposition to the plaintiffs' motion for summary judgment and in support of its cross motion, Santa Fuel argues that at all times relevant to the plaintiffs' allegations it has held an occupational license issued pursuant to § 20-332 et seq. Thus, Santa Fuel argues that pursuant to General Statutes § 20-428 (4), it is exempt from the provisions of the HIA, and, therefore, is not subject to the provisions of the HSSA. In support of its cross motion, Santa Fuel has submitted the affidavit of its president, John Santa. John Santa affirms that in 1996 and 1997, Santa Fuel held state license #S1-302018 which permitted it to perform all heating, piping and cooling work associated with the parties' contract. Santa Fuel also submitted a certificate of licensure stating that Stephen G. Santa, the chairman of the board of Santa Fuel, holds a heating, piping and cooling license pursuant to § 20-330. (See Santa Fuel's Reply to Plaintiffs' Objection, dated February 23, 2000. Exhibit C.)
"A contract is subject to the requirements of the HIA if it constitutes `an agreement between a contractor and an owner for the performance of a home improvement.'" Rizzo Pool Co. v. Del Grosso, 232 Conn. 666, 676,657 A.2d 1087 (1995). However, the provisions of the HIA do not apply to "any person holding a current professional or occupational license issued pursuant to the general statutes, provided such person engages only in that work for which he is licensed." General Statutes § 20-428 (4).[2]
"The purpose of the [HIA] is to ensure that home improvements are performed by qualified people. That purpose will not be subverted by allowing businesses with a corporate structure that hire licensed plumbers for the performance of their plumbing work to be exempt from the necessity of a written contract." Avon Plumbing Heating Company, Inc.v. Fey, 40 Conn. App. 351, 358, 670 A.2d 1318 (1996).
In the present case, Santa Fuel's license history provides that it is CT Page 6774 not a licensed heating, piping and cooling contractor pursuant to §20-332 et seq. However, Santa Fuel may be exempt from the provisions of the HIA if its contracting work is performed by licensed employees. SeeAvon Plumbing Heating Company, Inc. v. Fey, supra, 40 Conn. App. 358. Although Santa Fuel submitted Stephen G. Santa's certificate of licensure stating that he is a licensed heating, piping and cooling contractor, there is a genuine issue of material fact as to whether the employees who performed the work at the plaintiffs' home were licensed pursuant to § 20-332 et seq., at the time the work was performed. Therefore, there is a genuine issue of material fact as to whether Santa Fuel is exempt from the provisions of the HIA pursuant to § 20-428 (4). Accordingly, the plaintiffs' motion for summary judgment and Santa Fuel's cross motion for summary judgment is denied.
JOHN W. MORAN, JUDGE