[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION TO STRIKE
The plaintiff, Pete's Plumbing, LLC, filed a four count revised complaint, dated December 7, 2000, against the defendant, Garrett Meade, alleging breach of contract, unjust enrichment, promissory estoppel and a violation of the Connecticut Unfair Trade Practices Act (CUTPA).
Count one of the revised complaint alleges the following. The plaintiff is a plumbing and heating contractor hired by the defendant, a landscaping business, as a contractor or subcontractor to perform various jobs. Between July 10, 1998 and September 28, 1998, the plaintiff performed work under oral contracts for three separate jobs and was paid by the defendant for the work. Pursuant to these oral contracts, the plaintiff submitted an invoice to the defendant for payment after the respective jobs were completed. On October 1, 1998, the plaintiff and defendant orally agreed that the plaintiff would provide labor for a job at the defendant's home in Ridgefield (Ridgefield job) for an amount based on the plaintiff's reasonable estimate of the cost of the work. The plaintiff satisfactorily completed the work on the Ridgefield job and submitted an invoice to the defendant in the amount of $1172.50, however, the defendant has failed to pay any amount to the plaintiff.
Count one also alleges that the plaintiff performed excavation and plumbing work for the defendant, under another oral contract, in connection with a contracting job that the defendant had with a customer (Walker job). The plaintiff submitted two invoices to the defendant for work done on the Walker job, totaling $6050. Although the defendant was paid by the customer for all the work completed on the Walker job, the defendant has failed to pay the plaintiff for the completed work. After the excavation work was completed for the Walker job, the defendant removed the excavation equipment from the site without notifying the plaintiff. The plaintiff also hired a transportation service to remove the equipment from the site. By not notifying the plaintiff of its intention to remove the equipment, the defendant caused the plaintiff to suffer unnecessary transportation costs. In addition, subsequent to the CT Page 4980 defendant's non-payment for the Walker job, the plaintiff incurred attorney's fees for placing two mechanic liens on the customer's property in an attempt to recover the amount due to the plaintiff pursuant to the Walker job contracts.
Count two incorporates the allegations of count one and further alleges that the defendant was unjustly enriched by the work done by the plaintiff. Count three incorporates the allegations of count one and alleges a claim of promissory estoppel. Count four also incorporates count one and alleges a violation of CUTPA.
The defendant now moves to strike certain paragraphs of count one on the ground the oral contracts are invalid and unenforceable under the Home Improvement Act. The defendant also seeks to strike the second count on the ground that it fails to state a claim for unjust enrichment, because it sets forth inconsistent theories, the third count on the ground that promissory estoppel is not a separate cause of action available to the plaintiff, and count four on the ground that it fails to state a claim under CUTPA.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaints . . . to state a claim upon which relief can be granted. . . . A motion to strike admits all facts well pleaded; it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings. . . . [W]hat is necessarily implied [in an allegation] need not be expressly alleged." (Citations omitted; internal quotation marks omitted.) D'Amico v. Johnson,53 Conn. App. 855, 859, 733 A.2d 869 (1999). "In deciding upon a motion to strike . . . a trial court must take the facts to be those alleged in the complaint . . . and cannot be aided by the assumption of any facts not therein alleged." (Citations omitted; internal quotation marks omitted.) Liljedahl Brothers, Inc. v. Grigsby, 215 Conn. 345, 348,576 A.2d 149 (1990). The court must "construe the complaint in the manner most favorable to sustaining its legal sufficiency." Sherwood v. DanburyHospital, 252 Conn. 193, 212-13, 746 A.2d 730 (2000).
As to count one of the revised complaint, the defendant argues that paragraphs six, seven and a portion of paragraph fifteen should be stricken because oral contracts are not valid or enforceable under the Home Improvement Act (HIA), General Statutes § 20-418, et seq. Paragraphs six and seven refer to the oral contract between the parties for the Ridgefield job.[1] Paragraph fifteen refers to one of two invoices of the Walker job that the defendant claims was given to the customer, rather than to the defendant. Contrary to the defendant's claim, the complaint does not allege that the invoice was given to the customer of the Walker job. It clearly states that the two invoices were CT Page 4981 sent by the plaintiff to the defendant. Therefore, the motion to strike paragraph fifteen of count one is denied because the HIA does not apply to contracts between contractors and subcontractors. See General Statutes § 20-419 (5).
As to the motion to strike paragraphs six and seven of count one, the court finds the following. The HIA requires that a home improvement contract be in writing. General Statutes § 20-429 (a)(1). An oral home improvement contract is, therefore, invalid. See Wright Bros.Builders, Inc. v. Dowling, 247 Conn. 218, 230, 720 A.2d 235 (1998). In paragraphs six and seven, the plaintiff alleges that the oral contract for the Ridgefield job between the plaintiff and defendant for work on the defendant's home was breached. The oral contract between the plaintiff, a contractor, and the defendant, a residential homeowner, is, therefore, governed by the HIA and must be in writing.
The plaintiff argues that the HIA does not apply to plumbing or the installation of heating or septic systems. This contention is incorrect. General Statutes § 20-419 (4), states, in relevant part: "`[h]ome improvement' includes, but is not limited to, the repair, replacement, remodeling, alteration, conversion, modernization, improvement, rehabilitation . . . or addition to any land or building or that portion thereof which is used or designed to be used as a private residence, dwelling place or residential rental property. . . ." Plumbing work and the installation of a septic system for a residential property falls within the definition of home improvement. See Avon Plumbing Heating,Inc. v. Fey, 40 Conn. App. 351, 670 A.2d 1318 (1996).
The plaintiff also attempts to bring in facts outside the complaint by asserting in its memorandum in opposition that it is a licensed plumber and therefore, under General Statutes § 20-428 (4), it is exempt from the requirements of the HIA.[2] These facts are not alleged in the revised complaint. Under the operatiye complaint, viewed in the light most favorable to the plaintiff, the HIA applies to the oral contract between the plaintiff and defendant for plumbing work done at the defendant's residence. Accordingly, the motion to strike paragraphs six and seven of count one is granted.
The defendant also moves to strike the plaintiff's claim of unjust enrichment set forth in count two on the grounds that because the plaintiff has alleged breach of contract, it cannot also allege unjust enrichment in the same count. Because count two incorporates the breach of contract allegations of count one, the defendant argues that the allegation of contract enforcement precludes the equitable remedy of unjust enrichment in the same count. The court disagrees with this contention. A plaintiff may use a single count to set forth the bases of CT Page 4982 separate claims where the claims arise out of a single occurrence or transaction or closely related occurrences or transactions. Burns v.Koellmer, 11 Conn. App. 375, 387, 527 A.2d 1210 (1987); see also Colbyv. Burnham, 31 Conn. App. 707, 719, 627 A.2d 457 (1993). "It is only when causes of action, that is, the groups of facts upon which the plaintiff bases his claims for relief, are separate and distinct that separate counts are necessary or indeed ordinarily desirable." Burns v. Koellmer,
supra, 11 Conn. App. 387.
The defendant further argues that because the work was performed under a contract which violates the HIA, the plaintiff cannot recover under the theory of unjust enrichment. A contractor cannot recover from a homeowner on an unjust enrichment or quasi-contract theory for work done under a contract that violated the Home Improvement Act. Barrett Builders v.Miller, 215 Conn. 316, 325, 576 A.2d 455 (1990). Therefore, the plaintiff cannot prevail on the unjust enrichment claim against the defendant for the work done on the Ridgefield job. Accordingly, the motion to strike count two is granted only as to the unjust enrichment claim for the work done on the defendant's home, not as to the two contracts concerning the Walker job.
The defendant also moves to strike the plaintiff's claim of promissory estoppel. "[A] defective home improvement contract is not enforceable under a theory of waiver or estoppel. . . . When a home improvement contract fails to comply with the requirements of the Home Improvement Act, a home improvement contractor cannot recover using "off the contract' theories. . . ." (Brackets omitted; citations omitted; internal quotation marks omitted.) Layne v. Benbow-Robinson, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 341006 (January 29, 1998, Maiocco, J.). Again, the oral contract between the parties for work done on the defendant's home is defective because it violates the HIA. Accordingly, as with the breach of contract and unjust enrichment claims, the defendant's motion to strike count three is granted only with respect to the claim concerning the work done on the defendant's home.
The defendant also moves to strike the CUTPA claim set forth in count four on the grounds that the plaintiff fails to allege egregious conduct and a CUTPA claim is not available for simple breach of contract. CUTPA provides that "[n]o person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." General Statutes § 42-110b (a). "It is well settled that in determining whether a practice violates CUTPA we have adopted the criteria set out in the cigarette rule by the federal trade commission for determining when a practice is unfair: (1) Whether the practice, without necessarily having been previously considered unlawful, offends public policy as it has been established by statutes, the common law, or CT Page 4983 otherwise — in other words, it is within at least the penumbra of some common law, statutory, or other established concept of unfairness; (2) whether it is immoral, unethical, oppressive, or unscrupulous; (3) whether it causes substantial injury to consumers, competitors or other business persons. . . . All three criteria do not need to be satisfied to support a finding of unfairness. A practice may be unfair because of the degree to which it meets one of the criteria or because to a lesser extent it meets all three." (Brackets omitted; citations omitted; internal quotation marks omitted.) Hartford Electric Supply Co. v.Allen-Bradley Co., 250 Conn. 334, 367-68, 736 A.2d 824 (1999).
"A simple breach of contract, even if intentional, does not amount to a violation of [CUTPA]; a [plaintiff] must show substantial aggravating circumstances attending the breach to recover under the Act. . . ." EmleeEquipment Leasing Corp. v. Waterbury Transmission, Inc., 41 Conn. Sup. 575,580, 595 A.2d 951 (1991), rev'd on other grounds, 31 Conn. App. 455,626 A.2d 307 (1993). "Moreover, a simple contract breach is not sufficient to establish a violation of CUTPA . . . where a count simply incorporates by reference the breach of contract claim and does not set forth how or in what respect the defendant's activities are either immoral, unethical, unscrupulous, or offensive to public policy." (Brackets omitted.) Derrig v. Thomas Regional Directory Co., Superior Court, judicial district of Hartford at Hartford, Docket No. 583548 (June 22, 1999, Peck, J.). However, "[w]here the plaintiff alleges sufficient aggravating circumstances, beyond a mere breach of contract that may bring the case within the cigarette rule, the CUTPA claim may withstand a motion [to strike]." Morris v. Brookside Commons Ltd. Part., Superior Court, judicial district of Hartford at Hartford, Docket No. 581130 (February 2, 2000, Stengel, J.); Benvenuti Oil Co. v. Foss Consultants,Inc., Superior Court, judicial district of New London at New London, Docket No. 542755 (April 6, 1999, Mihalakos, J.).
In its CUTPA claim, the plaintiff has simply set forth a breach of contract claim and alleged that the defendant misrepresented that he would produce payment. The plaintiff has failed to allege substantial aggravating circumstances attending the alleged breach that constitute a CUTPA violation and has failed to allege that the defendant's conduct was immoral, unethical, oppressive, unscrupulous, or offensive to public policy. The plaintiff argues that the attorney's fees and transportation costs it incurred amount to substantial aggravating circumstances. The court disagrees. At the heart of the plaintiff's complaint are simple contract breaches.[3] Therefore, the court concludes that the plaintiff has failed to set forth a legally sufficient CUTPA claim. The defendant's motion to strike count four is, accordingly, granted.
In sum, the defendant's motion to strike paragraphs six and seven of CT Page 4984 count one is granted. The motion to strike paragraph fifteen of count one is denied. The motion to strike counts two and three are granted with respect to the plaintiff's claims relating to the Ridgefield job. Finally, the defendant's motion to strike count four is granted.
Adams, J.