DRAIN DOCTOR, INC. *v.* JASON LYMAN
(AC 29616)

Harper, Beach and Lavery, Js.

458

Argued December 8, 2008—officially released June 30, 2009

*Dennis L. Kern,* with whom, on the brief, was *Robert C. Bird,* for the appellant (plaintiff).

*Craig C. Fishbein,* for the appellee (defendant).

*Opinion*

LAVERY, J. The plaintiff, Drain Doctor, Inc., appeals from the judgment of the trial court rendered after the granting of the motion to strike filed by the defendant, Jason Lyman. On appeal, the plaintiff claims that the court improperly held (1) that plumbing and piping work is subject to the provisions of the Home Improvement Act, General Statutes § 20-418 et seq., and (2) that the exemption in the Home Improvement Act for licensed plumbers did not apply to the plaintiff because the work it performed was beyond what it was licensed to do. We reverse the judgment of the trial court and remand the matter for further proceedings.

The following facts are relevant to the plaintiff's appeal. The plaintiff is a Connecticut corporation and is operated under a plumbing and piping limited license issued to Gary E. Schmidt. On October 12, 2004, the defendant contacted the plaintiff regarding a sewer problem at his home in Wallingford. The home was constructed on a concrete slab. The defendant had a broken sewer line underneath the concrete slab, which rendered the home uninhabitable. The parties entered into an oral contract for the work. Upon the filing of a motion to strike, the parties cannot thereafter dispute the factual allegations.[1] Therefore, the parties do not dispute that the plaintiff (1) installed a four inch sanitary

---

[1] "Because a motion to strike challenges the legal sufficiency of a pleading and, consequently, requires no factual findings by the trial court, our review of the court's ruling on [a motion to strike] is plenary. . . . On a motion to strike, the trial court's inquiry is to ascertain whether the allegations in each count, if proven, would state a claim on which relief could be granted. . . . [I]f facts provable in the complaint would support a cause of action, the motion to strike must be denied. . . . Thus, we assume the truth of both the specific factual allegations and any facts fairly provable thereunder. In doing so, moreover, we read the allegations broadly, rather than narrowly." (Citations omitted; internal quotation marks omitted.) *Advanced Financial Services, Inc.* v. *Associated Appraisal Services, Inc.*, 79 Conn. App. 22, 37, 830 A.2d 240 (2003).

sewer line upgraded to the town's specifications, (2) repaired a storm water drain under the driveway in two locations, which was damaged during the installation of the sewer line, and (3) restored both the driveway and lawn to their previous condition where they had been displaced to install the sewer line. To install the sanitary line and to repair the storm water drain, the plaintiff had to dig through the driveway to reach the drain and, subsequently, patched the driveway and laid seed on the lawn. After the work was completed, the plaintiff billed the defendant $6707.77 for the services, which the defendant has refused to pay.

On February 26, 2007, the plaintiff filed a three count amended complaint, which contained the previous allegations and sounded in breach of contract, quantum meruit and unjust enrichment. On March 1, 2007, the defendant filed a motion to strike, claiming that the repairs fall within the protection of the Home Improvement Act and that because there was no written contract, the plaintiff is not entitled to compensation. The plaintiff argued in its memorandum of law in opposition to the motion that as a licensed plumber performing plumbing and pipe work, it is exempt from the requirements of the Home Improvement Act. The court, *Prestley, J.*, found that the sewer work was subject to the Home Improvement Act. The court further found that the plaintiff did not plead that it was a licensed plumber and, therefore, that fact would not be considered by the court. The court granted the defendant's motion to strike.

The plaintiff filed a substitute complaint on July 24, 2007, which additionally alleged that it operated under a valid plumbing license. The defendant again filed a motion to strike, arguing that, as a matter of law, the plaintiff cannot recover on any theory alleged. The court, *Shapiro, J.*, also determined that the work performed by the plaintiff fell within the protection of the

Home Improvement Act. The court then found that the exemption from the Home Improvement Act that the plaintiff claimed applied did not apply because "the plaintiff did not confine its activities to the work it was licensed to perform." The court granted the defendant's motion to strike. After the plaintiff did not file a new pleading within fifteen days after the granting of the motion to strike, the court granted the defendant's motion for judgment. The plaintiff appealed to this court.

To resolve the plaintiff's claim that plumbing and piping work is not subject to the Home Improvement Act, this court must interpret the relevant statutes. "When construing a statute, [o]ur fundamental objective is to ascertain and give effect to the apparent intent of the legislature. . . . In other words, we seek to determine, in a reasoned manner, the meaning of the statutory language as applied to the facts of [the] case, including the question of whether the language actually does apply. . . . In seeking to determine that meaning, General Statutes § 1-2z directs us first to consider the text of the statute itself and its relationship to other statutes. If, after examining such text and considering such relationship, the meaning of such text is plain and unambiguous and does not yield absurd or unworkable results, extratextual evidence of the meaning of the statute shall not be considered. . . . When a statute is not plain and unambiguous, we also look for interpretive guidance to the legislative history and circumstances surrounding its enactment, to the legislative policy it was designed to implement, and to its relationship to existing legislation and common law principles governing the same general subject matter . . . ." (Internal quotation marks omitted.) *State* v. *Koczur*, 287 Conn. 145, 152–53, 947 A.2d 282 (2008), quoting *Kinsey* v. *Pacific Employers Ins. Co.*, 277 Conn. 398, 405, 891 A.2d 959 (2006).

Statutory interpretation is a question of law, and, thus, our review is plenary. *Gelinas* v. *West Hartford*, 65 Conn. App. 265, 275, 782 A.2d 679, cert. denied, 258 Conn. 926, 783 A.2d 1028 (2001). "[W]e must determine whether the court's conclusions are legally and logically correct and are supported by the record." (Internal quotation marks omitted.) *Dept. of Social Services* v. *Saunders*, 247 Conn. 686, 697, 724 A.2d 1093 (1999).

The relevant statutory language of General Statutes § 20-429 (a), which is encompassed within the Home Improvement Act, is as follows: "No home improvement contract shall be valid or enforceable against an owner unless it: (1) Is in writing, (2) is signed by the owner and the contractor, (3) contains the entire agreement between the owner and the contractor, (4) contains the date of the transaction, (5) contains the name and address of the contractor and the contractor's registration number, (6) contains a notice of the owner's cancellation rights in accordance with the provisions of chapter 740, (7) contains a starting date and completion date, and (8) is entered into by a registered salesman or registered contractor. . . ."

Further, General Statutes § 20-419 sets forth definitions for the Home Improvement Act. This section provides that "(4) 'Home improvement' includes, but is not limited to, the repair, replacement, remodeling, alteration, conversion, modernization, improvement, rehabilitation or sandblasting of, or addition to any land or building or that portion thereof which is used or designed to be used as a private residence, dwelling place or residential rental property, or the construction, replacement, installation or improvement of driveways, swimming pools, porches, garages, roofs, siding, insulation, sunrooms, flooring, patios, landscaping, fences, doors and windows and waterproofing in connection with such land or building or that portion thereof which is used or designed to be used as a private residence,

dwelling place or residential rental property or the removal or replacement of a residential underground heating oil storage tank system, in which the total cash price for all work agreed upon between the contractor and owner exceeds two hundred dollars. 'Home improvement' does not include: (A) The construction of a new home; (B) the sale of goods by a seller who neither arranges to perform nor performs, directly or indirectly, any work or labor in connection with the installation or application of the goods or materials; (C) the sale of goods or services furnished for commercial or business use or for resale, provided commercial or business use does not include use as residential rental property; (D) the sale of appliances, such as stoves, refrigerators, freezers, room air conditioners and others which are designed for and are easily removable from the premises without material alteration thereof; and (E) any work performed without compensation by the owner on his own private residence or residential rental property."

Because the language of § 20-419 (4) has the expansive language "includes, but is not limited to," we must look to the remaining portions of the Home Improvement Act to determine whether the plumbing work at issue here falls within its ambit. The "exemptions" for the Home Improvement Act under General Statutes § 20-428 are in relevant part: "This chapter shall not apply to any of the following persons or organizations . . . (4) any person holding a current professional or occupational license issued pursuant to the general statutes . . . provided such person engages only in that work for which such person is licensed or registered." To reconcile these statutes and to determine what is intended by the language exempting a licensed professional that "engages only in that work for which such person is licensed," we turn to legislative history and case law for guidance.

The legislative history reveals that when the exemptions to the Home Improvement Act pursuant to § 20-428 were being discussed, Senator George L. Gunther explained that they "would exclude any licensed occupation. And what we are talking about is licensed electricians, plumbers, oil burner repair and anybody who is licensed under the existing law that we have now." 33 S. Proc., Pt. 10, 1990 Sess., p. 3277.

This court, in analyzing the Home Improvement Act in relation to a plumbing corporation, wrote that "[t]he purpose of the [Home Improvement Act] is to ensure that home improvements are performed by qualified people." *Avon Plumbing & Heating Co.* v. *Fey*, 40 Conn. App. 351, 358, 670 A.2d 1318 (1996).

Although the definition of home improvement within § 20-419 is broad and includes jobs like the plumbing work at issue in this case, the exemptions within § 20-428 (4) clearly indicate that the work of the plaintiff, an entity holding an occupational license, falls within the license and is not subject to the Home Improvement Act. This interpretation of the statute follows the legislative intent that the Home Improvement Act protects consumers from those home improvement contractors that are not otherwise licensed.

The plaintiff is a plumbing and piping limited contractor pursuant to General Statutes § 20-330 et seq.[2] This

---

[2] General Statutes § 20-334a (a) (1) provides in relevant part: "(A) An unlimited contractor's license may be issued to a person who has served as a journeyman in the trade for which such person seeks a license for not less than two years and, if such service as a journeyman was outside this state, has furnished evidence satisfactory to the appropriate state board that such service is comparable to similar service in this state, or has furnished satisfactory evidence of education and experience and has passed an examination which has demonstrated that such person is competent in all aspects of such trade to be an unlimited contractor. (B) A *limited contractor's license* may be issued to a person who fulfills the requirements of subparagraph (A) of this subdivision as to a specific area or areas within the trade for which such person seeks a license. . . ." (Emphasis added.)

court has held and affirmed that "[General Statutes] § 20-337, which is also a component of title 20 [of our General Statutes] dealing with the licensing of plumbers, makes it clear that the ownership of a business that provides the services of licensed persons need not be in the control of a licensed person. . . . If [a company's] employees are licensed plumbers, [the company] is considered licensed also for purposes of § 20-428 (4)." *Avon Plumbing & Heating Co.* v. *Fey,* supra, 40 Conn. App. 358; see also *Santa Fuel, Inc.* v. *Varga,* 77 Conn. App. 474, 494, 823 A.2d 1249, cert. denied, 265 Conn. 907, 831 A.2d 251 (2003). Because the plaintiff is a licensed company, we now consider what the plaintiff is licensed to do.

To determine whether the plumbing work in this case was work that the plaintiff was licensed to do, we look to the statutes regarding licensing of plumbers. General Statutes § 20-330 (3) defines "[p]lumbing and piping work" as "the installation, repair, replacement, alteration or maintenance of gas, water and associated fixtures, laboratory equipment, sanitary equipment, other than subsurface sewage disposal systems,[3] fire prevention apparatus, all water systems for human usage, sewage treatment facilities and all associated fittings within a building and includes lateral storm and sanitary lines from buildings to the mains, process piping, swimming pools and pumping equipment, and includes making connections to back flow prevention devices, and includes low voltage wiring, not exceeding twenty-four volts, used within a lawn sprinkler system, but does not include (A) solar work, except for the repair of those portions of a solar hot water heating system that include the basic domestic hot water tank and the tie-in to the potable water system, (B) the installation,

---

[3] General Statutes § 20-341a (3) defines a subsurface sewage disposal system as "a septic tank followed by leaching pits, trenches, beds or galleries."

repair, replacement, alteration or maintenance of fire prevention apparatus within a structure, except for standpipes that are not connected to sprinkler systems, and (C) medical gas and vacuum systems work. . . ."

Specifically, we look to the language of that statute to determine whether the plaintiff's repair work on the defendant's existing sewer line constituted work that the plaintiff was licensed to perform. To do this, we look to the commonly approved usage of "repair" because the term is not defined in the statute. See *Groton* v. *Mardie Lane Homes, LLC,* 286 Conn. 280, 288, 943 A.2d 449 (2008). "If a statute or regulation does not sufficiently define a term, it is appropriate to look to the common understanding of the term as expressed in a dictionary." (Internal quotation marks omitted.) *Southern New England Telephone Co.* v. *Cashman,* 283 Conn. 644, 656, 931 A.2d 142 (2007). Random House Webster's Unabridged Dictionary defines "repair" as "to restore to a good or sound condition after decay or damage." Random House Webster's Unabridged Dictionary (2d Ed. 2001).

We do not agree with the court's conclusion that the exemption to the Home Improvement Act did not apply to the plaintiff because "the plaintiff did not confine its activities to the work it was licensed to perform" when it retrenched and patched the driveway and reseeded the lawn. The language of the statute includes the work performed on the driveway and lawn because it was a part of the "repair [of] . . . sanitary lines from buildings to the mains . . . ." General Statutes § 20-330 (3). Part of the common usage of repair would be for the plaintiff to put the driveway and lawn back to its original condition after the piping work had been completed. This work was ancillary to the plumbing work that the plaintiff was licensed to perform and, therefore, falls

within the ambit of the licensing statute.[4] The defendant's home was not in a livable condition when the plaintiff was hired. By installing the sanitary sewer line and repairing the storm water drain, the plaintiff made the home livable again. The plaintiff had to dig holes in the driveway and lawn to make the repairs. To complete the repairs, the plaintiff had to fill in the holes, to repair the driveway and to seed the lawn. For the foregoing reasons, we hold that the installation and repair activities fell within the Home Improvement Act; however, on the basis of the facts of this case, this job was exempt from the contractual mandates of § 20-429 (a) because the plaintiff is a licensed plumber that engaged in work for which it is licensed.

The judgment is reversed and the case is remanded for further proceedings according to law.

In this opinion the other judges concurred.

---

[4] Black's Law Dictionary defines "ancillary " as, "Aiding; attendant upon; describing a proceeding attendant upon or which aids another proceeding considered as principal. Auxiliary or subordinate." Black's Law Dictionary (6th Ed. 1990).