[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION DEFENDANT'S MOTION FOR SUMMARY JUDGMENT #182 PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT #238
CT Page 9143
Before the court are the plaintiff's and defendant's motions for summary judgment. The plaintiff, Antonio DeOliveira, commenced this action against the defendant, Liberty Mutual Insurance Co., on December 20, 1995. The action arises out of the plaintiff's workers' compensation claim.
The plaintiff alleges the following facts in the revised six count complaint. In 1989, the plaintiff worked for Ross Roberts, Inc., who contracted with the defendant for workers' compensation insurance. On May 11, 1989, the plaintiff sustained injuries arising out of and in the course of his employment. He notified his employer, and complied with his employer's requests regarding the claim. The defendant has not paid the plaintiff adequate benefits pursuant to this injury.
The first count of the complaint sounds in negligence, and alleges that the defendant was negligent in that it: violated the Workers' Compensation Act, General Statutes § 31-275 et. seq., failed to timely pay the plaintiff the wage and medical benefits that were owed to him, failed to obtain medical examinations and evaluations of the plaintiffs condition, and disclaimed the plaintiff's claim of injury. The first count also alleges that the defendant disregarded the plaintiff's physical, mental and financial condition in spite of the reports it received and that it acted in disregard of further psychological and emotional injury and financial damage it caused to the plaintiff. As a result of the misconduct, the plaintiff alleges he suffered numerous damages and losses.
The second count of the complaint sounds in "intentional tortious conduct".[1] In this count, the plaintiff incorporates the actions alleged in the first count and adds allegations that the defendant used the plaintiff's medical and financial condition for its financial benefit by withholding payments due, took advantage of the plaintiff's condition to cause him to be paid benefits that were less than fair and just, and attempted to prevent him from receiving benefits by withholding information.
The third count of the complaint alleges "reckless conduct", and merely incorporates portions of the first two counts. The fourth count alleges a cause of action for bad faith. The fifth and sixth count sound in intentional and negligent infliction of emotional distress. In both these counts, the plaintiff alleges that the defendant disregarded (1) the plaintiffs physical, mental and financial condition and needs and (2) the probability that its conduct would inflict stress and strain on the plaintiff's condition and cause him further damages. In count five, the CT Page 9144 plaintiff also alleges that the defendant intentionally inflicted emotional distress by attempting to: (1) use his weakened condition for its benefit by withholding payments due, (2) take advantage of his condition to cause him to be paid benefits that were less than fair and just and (3) prevent him from receiving benefits or to reduce the amount of benefits under the Act.
The seventh count alleges a claim under CUIPA as a basis for a CUTPA claim. In this count, the plaintiff alleges that the defendant violated CUIPA by (1) making misrepresentations, (2) engaging in unfair claim settlement practices, (3) failing to maintain a complaint procedure and (4) failing to pay claims in a timely manner. The plaintiff alleges that the misconduct he complains of occurs with such frequency that it appears to be a general business practice by the defendant.
The defendant filed a motion for summary judgment on all counts of the complaint on March 27, 2001. The plaintiff filed his motion for summary judgment April 4, 2002.[2] Both motions were argued before the courtGallagher, J., on April 4, 2002.[3]
The defendant presents three arguments in its motion for summary judgment. First, the defendant argues that the entire action is barred by the exclusivity provision of the Workers' Compensation Act. Second, the defendant argues that the plaintiff's claims are time barred because they are outside the statute of limitations for torts claims. Finally, the defendant claims that there is no genuine issue of material fact as to each count. The defendant provides eight exhibits as attachments to its motion: (1) the complaint the plaintiff filed in an action against his employer, Ross Roberts, Inc., dated October 3, 1990; (2) the notice of dismissal of that action, for failure to prosecute, dated December 15, 1995; (3) the original complaint filed in this action, dated December 18, 1995; (4) a ruling and order issued by Judge Mottolese, filed May 26, 2000; (5) the revised complaint, dated December 6, 1999; (6) Commissioner Metro's finding and award in the plaintiff's workers' compensation hearing, dated March 30, 1995; (7) a letter from the personnel manager at Ross Roberts, dated May 31, 1989, advising the plaintiff that his injury has been denied as a compensable injury by the Workers' Compensation Commission; and (8) a deposition of the plaintiff, dated December 20, 2000.
In response, the plaintiff contends that the injury he alleges — the defendant's refusal to pay his workers' compensation claim — is outside the scope of the Workers' Compensation Act, because it does not relate to his employment. Second, the plaintiff asserts that his causes of action are not barred by limitations because he alleges that the defendant engaged in a continuing course of conduct. Third, the plaintiff CT Page 9145 argues that the motion for summary judgment should be decided in his favor because there is no genuine issue of material fact, because the Workers' Compensation Commissioner found in his favor. The plaintiff attaches the following exhibits to his memorandum of law: (1) Commissioner Metro's finding and award in the plaintiff's workers' compensation hearing, dated March 30, 1995; (2) the contract for workers' compensation insurance coverage between the defendant and Ross 
Roberts[4] (3) a letter from the personnel manager at Ross Roberts, dated June 5, 1989, advising the plaintiff that the company requires a medical doctor to determine medical incapacity to work, and therefore, his note from a chiropractor would be insufficient; (4) medical records from Bridgeport Orthopaedic Group, regarding the plaintiffs condition, recording visits on June 8 and 26, 1989; (5) medical records from Merritt Orthopaedic Associates, regarding the plaintiff's condition, recording a visit on June 9, 1989; (6) a letter from Maher Williams, attorneys, to the personnel manager at Ross 
Roberts, requesting medical records regarding the plaintiff's workers' compensation claim; (7) a copy of form 43-67, indicating that Ross Roberts was contesting the plaintiffs Worker's Compensation claim; (9) Commissioner Waldron's finding and award in the plaintiffs workers' compensation hearing, dated August 22, 2001; (10) a copy of a check from the defendant to the plaintiff, dated August 5, 1995, in the amount of $9266.30; (11) a copy of a check from the defendant to the plaintiff, dated April 22, 1998, in the amount of $61,465.25; and (12) a memorandum of decision by the court, Spear, J., on a motion to strike in the plaintiff's case against his employer.
 SUMMARY JUDGMENT
"In any action . . . any party may move for a summary judgment at any time. . . ." Practice Book § 17-44. A "motion for summary judgment is designed to eliminate the delay and expense of litigating an issue when there is no real issue to be tried." Wilson v. New Haven, 213 Conn. 277,279, 567 A.2d 829 (1989).
"The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Citation omitted; internal quotation marks omitted.)Appleton v. Board of Education, 254 Conn. 205, 209, 757 A.2d 1059
(2000). Summary judgment "is appropriate only if a fair and reasonable person could conclude only one way." Miller v. United Technologies Corp.,233 Conn. 732, 751, 660 A.2d 810 (1995). CT Page 9146
As a preliminary matter, it should be noted that summary judgment is "ill adapted to cases of a complex nature or to those involving important public issues, which often need the full exploration of trial." United OilCo. v. Urban Redevelopment Commission, 158 Conn. 364, 375, 260 A.2d 596
(1969); see also Miller v. United Technologies Corp., supra., 233 Conn. 752
(summary judgment ill suited to disposal of complex cases). This case involves a worker's compensation claim dating from 1989, over ten years ago. Several of the plaintiff's causes of action are premised on allegations of intentional conduct on the part of the defendant. The case file contains over one hundred filings. The on-line docket listing is nine pages long. To say that this case is complicated is an understatement. Therefore, from a purely procedural posture, this case is not suited for disposal on a motion for summary judgment.
In addition, this case deals with the intent of the defendant in allegedly withholding payment from the plaintiff. "[S]ummary judgment procedure is particularly inappropriate where the inferences which the parties seek to have drawn deal with questions of motive, intent and subjective feelings and reactions." (Internal quotation marks omitted.)Suarez v. Dickmont Plastics Corp., 229 Conn. 99, 111, 639 A.2d 507
(1994). See also Picataggio v. Romeo, 36 Conn. App. 791, 794, 654 A.2d 382
(1995) ("[a] question of intention raises an issue of material fact, which cannot be decided on a motion for summary judgment."). This case is premised on the plaintiffs contention that the defendant withheld the plaintiffs workers' compensation payments in bad faith. Therefore, it is impossible to decide the case without examining the defendant's intent. For this reason as well, this case is not suited for disposal on a motion for summary judgment.
 THE EXCLUSIVITY OF THE WORKERS' COMPENSATION ACT.
The defendant first argues that the plaintiff is barred from pursuing this cause of action because his claim is covered by the Workers' Compensation Act. The plaintiff contends that his claims against the defendant arises out of the defendant's failure to pay his claim, not out of the back injury he sustained while working at Ross Roberts.
The Workers' Compensation Act is the exclusive remedy for employees injured in the course and scope of their employment, except in cases where the injury arises out of the employer's intentional misconduct. SeeSuarez v. Dickmont Plastics Corp., supra., 229 Conn. 106. An employee may also have the right to bring an independent action for damages caused by an insurer's bad faith in failing to pay workers' compensation benefits.Carpentino v. Transport Ins. Co., 609 F. Sup. 556, 561-62 (D. Conn. 1985). Although there is no Connecticut Appellate authority to support this proposition, in the Superior Court, three distinct lines of cases CT Page 9147 have developed on this issue.
The first line of cases holds that the Workers' Compensation statute acts as a complete bar to these actions, because they arise out of the injury that the employee sustained while at work, and the Act sufficiently addresses acts of delay, etc. by the insurance carrier. SeeNicolelli v. Continental Casualty Co., Superior Court, judicial district of New Haven at New Haven, Docket No. 414441 (October 13, 1999; Levin,J.) (25 Conn.L.Rptr. 497); Spencer v. Health Direct, Inc., Superior Court, judicial district of New London at New London, Docket No. 544356 (January 8, 1999, Mihalakos, J.) (23 Conn.L.Rptr. 675) and Rotz v.Middlesex Mutual Assurance Co., Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 307488 (January 27, 1995, Hauser, J.) (13 Conn.L.Rptr. 324).
A second line of cases holds that Workers' Compensation is a complete bar to the plaintiff's claims of bad faith against the insurance carrier, except in cases in which the carrier has engaged in intentional misconduct. See Yuille v. Bridgeport Hospital, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 358902 (May 11, 1999,Nadeau, J.) (24 Conn.L.Rptr. 555); Orr v. Hartford Accident IndemnityCo., Superior Court, judicial district of New Britain, Docket No. 482838 (July 12, 1999, Robinson, J.) (25 Conn.L.Rptr. 122); Moran v. TravelersProperty Casualty, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 350319 (October 23, 1998, Stodolink, J.) (23 Conn.L.Rptr. 383); Stabile v. Southern Connecticut Health Systems, Inc., Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 326120 (February 7, 1996, Thim, J.); and Bariko v. Travelers Ins. Co., Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 291652 (February 1, 1993, Ballen, J.) (8 Conn.L.Rptr. 209).
The final line of cases appears to hold that Workers' Compensation Act is not a bar to suits brought by employees against their employer's insurance company. These cases find that the injury alleged, i.e. the bad faith of the insurance company in failing to pay the claim, is outside the employment context and therefore, outside the Workers' Compensation Act. See Silano v. Hartford Underwriters Ins. Co., Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 329388 (September 18, 2000, Rush, J.) (28 Conn.L.Rptr. 217); Hornyak v.Northbrook Property, Superior Court, judicial district of Waterbury, Docket No. 133334 (June 30, 1997, Gill, J.) (19 Conn.L.Rptr. 655); andViviani v. Powell, Superior Court, judicial district of New Haven at New Haven, Docket No. 384941 (July 15, 1996, Freedman, J.).
This court agrees with the sound reasoning of the final line of cases. "The purpose of the [Workers' Compensation Act] is to compensate CT Page 9148 employees for injuries arising out of and in the course of employment, without regard to fault, by imposing a form of strict liability on employers." (Internal quotation marks omitted.) Crochiere v. Board ofEducation, 227 Conn. 333, 349, 630 A.2d 1027 (1993). The plaintiff alleges bad faith on the part of the insurance carrier in failing to pay his Workers' Compensation claim. Therefore, the injury alleged in this case did not arise while the plaintiff was in the course and scope of his employment and is only tangentially related thereto. Further, the Workers' Compensation Act was intended to hold employers to strict liability, not insurers. The Act was not designed to bar an employee's bad faith claim against the insurance carrier. Accordingly, the defendant is not entitled to summary judgment on this ground.
 STATUTE OF LIMITATIONS
The defendant also argues that it is entitled to summary judgment because the plaintiff failed to bring this lawsuit within the statute of limitations. The plaintiff contends that he brings this suit under the "continuing course of conduct" theory, and therefore, the statute of limitations does not bar his suit.
The plaintiff's causes of action all have a three year statute of limitations. Counts one through six sound in tort, and are therefore governed by General Statutes § 52-577, which states "No action founded upon a tort shall be brought but within three years from the date of the act or omission complained of."
"Section 52-577 is an occurrence statute, meaning that the time period within which a plaintiff must commence an action begins to run at the moment the act or omission complained of occurs." (Internal quotation marks omitted.) Collum v. Chapin, 40 Conn. App. 449, 451, 671 A.2d 1321
(1996).
The final count of the complaint is brought under the Connecticut Unfair Trade Practices Act, General Statutes § 42-110a et. seq., for a violation of the Connecticut Unfair Insurance Practices Act, General Statutes § 38a-816. The applicable statute of limitation is set out in General Statutes Sec. 42-110g (f), which states, "An action under this section may not be brought more than three years after the occurrence of a violation of this chapter." "Where . . . a specific time limitation [such as § 42-110g (f)] is contained within a statute that creates a right of action that did not exist at common law, then the remedy exists only during the prescribed period and not thereafter. . . . In such cases, the time limitation is not to be treated as an ordinary statute of limitation, but rather is a limitation on the liability itself, and not the remedy alone." (Citations omitted; emphasis in original; internal CT Page 9149 quotation marks omitted.) Avon Meadow Condominium Assn., Inc. v. Bank ofBoston Connecticut, 50 Conn. App. 688, 699-700, 719 A.2d 66, cert. denied, 247 Conn. 946, 723 A.2d 320 (1998).
In the present case, the date of the wrongful conduct alleged in the complaint is May 11, 1989. The action commenced on December 20, 1995 Thus, the defendant contends that the complaint was six years after the alleged conduct, and therefore violates the three year statute of limitation set out in § 52-577.
The plaintiff argues that the statute of limitations is not a bar to his suit because he brings it under the "continuing course of conduct" doctrine. He contends that the defendant's bad faith in refusing to pay his Workers' Compensation claim continues to the present, and therefore, he does not run afoul of the statute of limitations.
"[T]o support a finding of a continuing course of conduct that may toll the statute of limitations there must be evidence of a breach of duty that remained in existence after the commission of the original wrong related thereto. That duty must not have terminated prior to the commencement of the three year period allowed for bringing action for such a wrong. . . . Where we have upheld a finding that a duty continued to exist after the cessation of the act or omission relied upon, there has been evidence of either a special relationship between the parties giving rise to such a continuing duty or some later wrongful conduct of a defendant related to a prior act." (Internal quotation marks omitted.)Blanchette v. Barrett, 229 Conn. 256, 275, 640 A.2d 74 (1994). "In application, [the doctrine is] conspicuously fact-bound." Id., 276. In this case, the plaintiff alleges that he was a third party beneficiary to the insurance agreement between the defendant and his employer. According to the plaintiff, pursuant to this agreement, and the Workers' Compensation Act, the defendant had a duty to him. The plaintiff contends that the defendant breached this duty by denying his claim for benefits, contesting his claim before the Workers' Compensation Commission, and unduly delaying the resolution of his claim. According to a document provided by the plaintiff, the Workers' Compensation Commission's decision was issued on March 30, 1995. (Plaintiffs Memorandum, Exhibit A.) According to this document, in 1994, the parties agreed to delay the commission's decision pending their negotiations. The plaintiff commenced this action on December 20, 1995. Accordingly, the plaintiff has adequately alleged that the defendant engaged in "wrongful" conduct within the limitations period that was related to its initial denial of his claim for benefits. Therefore, the court denies summary judgment on the ground of limitations.
 GENUINE ISSUE OF MATERIAL FACT
CT Page 9150
Negligence
In the first count of his complaint, the plaintiff alleges that the defendant acted negligently by refusing to pay his workers' compensation claim. The defendant argues that it is entitled to summary judgment on this count because the plaintiff cannot show any duty existed between the parties. The plaintiff contends that he is entitled to summary judgment on this claim because the findings of the workers' compensation commissioner should control the findings of the court.
"The essential elements of a cause of action in negligence are well established: duty; breach of that duty; causation; and actual injury. . . . The existence of a duty is a question of law and only if such a duty is found to exist does the trier of fact then determine whether the defendant violated that duty in the particular situation at hand. . . . If a court determines, as a matter of law, that a defendant owes no duty to a plaintiff, the plaintiff cannot recover in negligence from the defendant. Thus, we must determine whether the [trial] court's conclusion that [the defendant] owed no duty to the plaintiff . . . was legally and logically correct." (Citations omitted; internal quotation marks omitted.) RK Constructors, Inc. v. Fusco Corp., 231 Conn. 381, 384-85,650 A.2d 153 (1994).
"Duty is a legal conclusion about relationships between individuals, made after the fact, and imperative to a negligence cause of action. The nature of the duty, and the specific persons to whom it is owed, are determined by the circumstances surrounding the conduct of the individual. . . . Although it has been said that no universal test for [duty] ever has been formulated; our threshold inquiry has always been whether the specific harm alleged by the plaintiff was forseeable to the defendant. The ultimate test of the existence of duty to use care is found in the forseeability that harm may result if it is not exercised. . . . By that is not meant that one charged with negligence must be found actually to have foreseen the probability of the harm or that the particular injury which resulted was forseeable, but the test is, would the ordinary [person] in the defendant's position, knowing what he knew or should have known, anticipate that harm of the general nature of that suffered was likely to result?" (Citations omitted; internal quotation marks omitted.) Id.
"[T]he Supreme Court recognizes an independent cause of action in tort arising from an insurer's common law duty of good faith. This cause of action is separate and distinct from the plaintiff's statutory [workers' compensation] claims. . . . An implied covenant of good faith and fair dealing has been applied by this court in a variety of contractual CT Page 9151 relationships, including insurance contracts." Buckman v. PeopleExpress, Inc., 205 Conn. 166, 170, 530 A.2d 596 (1987).
In the present case, the defendant, as an insurance carrier, had a duty to pay the plaintiff benefits in a reasonable and timely manner. It had a duty not to unreasonably contest the award of the workers' compensation commissioner, and to take advantage of the plaintiff's situation to its own advantage. While the court finds that such a duty existed, it will refrain from deciding the ultimate issue of negligence, because it clearly involves a genuine issue of material fact, and therefore, cannot be decided at present, but needs to be fleshed out at trial. Both the defendant's and plaintiffs motion for summary judgment on this count are denied.
Intentional Tortious Conduct Recklessness
In the second and third count, respectively, of his complaint, the plaintiff alleges "that the defendant engaged in intentional and reckless tortious conduct". The third count alleges reckless conduct. The defendant argues that the plaintiff cannot demonstrate that the defendant acted intentionally, and therefore, it is entitled to summary judgment on these counts. The plaintiff contends that the defendant acted intentionally and recklessly in denying his claims, and therefore, he is entitled to summary judgment on these counts.
"[S]ummary judgment procedure is particularly inappropriate where the inferences which the parties seek to have drawn deal with questions of motive, intent and subjective feelings and reactions." (Internal quotation marks omitted.) Suarez v. Dickmont Plastics Corp., supra.,229 Conn. 111. See also Picataggio v. Romeo, supra., 36 Conn. App. 794
("[a] question of intent raises an issue of material fact, which cannot be decided on a motion for summary judgment").
Here, both parties ask the court to decide what the defendant's intent was in denying the plaintiff's claims. The position of the court in deciding a motion for summary judgment is not to decide questions of fact, but merely to discover if such questions exist. See Nolan v.Borkowski, 206 Conn. 495, 500, 538 A.2d 1031 (1988). In dealing with allegations of intentional tortious conduct, intent is the operative factor, and therefore, an issue of material fact remains as to the intent of the actors involved. Therefore, the motions for summary judgment on this count are denied, as a genuine issue of material fact remains as to the defendant's intent.
Bad Faith
CT Page 9152
In the fourth count, the plaintiff claims that the defendant breached of the covenant of good faith and fair dealing. The defendant contends that the plaintiff fails to demonstrate that the defendant treated him unfairly. The plaintiff responds that because the defendant failed to pay his workers' compensation claims, he was denied a benefit he was entitled to under a contract.
"[T]he implied covenant of good faith and fair dealing has been applied by [the Connecticut Supreme Court] in a variety of contractual relationships, including . . . insurance contracts. . . . The concept of good faith and fair dealing is [e]ssentially . . . a rule of construction designed to fulfill the reasonable expectations of the contracting parties as they presumably intended." (Internal quotation marks omitted.)Verrastro v. Middlesex Insurance Co., 207 Conn. 179, 190, 540 A.2d 693
(1988). "Bad faith means more than mere negligence, it involves a dishonest purpose." (Internal quotation marks omitted.) Gutpa v. NewBritain General Hospital, 239 Conn. 574, 598, 687 A.2d 111 (1996). Bad faith has also been defined as "neglect or refusal to fulfill some duty or some contractual obligation, not prompted by an honest mistake as to one's rights or duties, but by some interested . . . motive." (Internal quotation marks omitted.) Avon Plumbing Heating Co., Inc. v. Fey,40 Conn. App. 351, 355 n. 8, 670 A.2d 1318 (1996). "[W]hen the insurer unreasonably and in bad faith withholds payment of the claim of its insured, it is subject to liability in tort." L.F. Pace Sons, Inc. v.Travelers Indemnity Co., 9 Conn. App. 30, 46, 514 A.2d 766, cert. denied, 201 Conn. 811, 516 A.2d 886 (1986).
The plaintiff claims that the defendant acted in bad faith in withholding his workers' compensation payments. The defendant offers no proof that it did not do so. "[S]ummary judgment procedure is particularly inappropriate where the inferences which the parties seek to have drawn deal with questions of motive, intent and subjective feelings and reactions." (Internal quotation marks omitted.) Suarez v. DickmontPlastics Corp., supra., 229 Conn. 111. "A question of intention raises an issue of material fact, which cannot be decided on a motion for summary judgment." Picataggio v. Romeo, supra., 36 Conn. App. 794. Therefore, a genuine issue of material fact exists with respect to whether the defendant's refusal to pay the plaintiff's claims of benefits was unreasonable. The motions for summary judgment on this count are denied.
Intentional Infliction of Emotional Distress
In his fifth count, the plaintiff alleges a cause of action for intentional infliction of emotional distress. The defendant contends that the plaintiff cannot show that it acted intentionally in withholding benefits. The defendant further argues that even if it had acted CT Page 9153 intentionally, the actions do not rise to the level required for this tort. The plaintiff argues that the defendant acted intentionally in withholding his benefits, and that this behavior rises to the level of intentional infliction of emotional distress.
"In order for the plaintiff to prevail in a case for liability under . . . [intentional infliction of emotional distress], four elements must be established. It must be shown: (1) that the actor intended to inflict emotional distress or that he knew or should have known that emotional distress was the likely result of his conduct; (2) that the conduct was extreme and outrageous; (3) that the defendant's conduct was the cause of the plaintiff's distress and (4) that the emotional distress sustained by the plaintiff was severe." (Internal quotation marks omitted.) Appletonv. Board of Education, 254 Conn. 205, 210, 757 A.2d 1059 (2000). "Whether a defendant's conduct is sufficient to satisfy the requirement that it be extreme and outrageous is initially a question for the court to determine. . . . Only where reasonable minds differ does it become an issue for the jury." Id.
The allegations in this count involve the intent of the defendant in failing to pay the plaintiffs benefits. The plaintiff alleges that the defendant intentionally withheld his workers' compensation payments for over seven years. The defendant's conduct could rise to the level of being "extreme and outrageous." However, "[a] question of intent raises an issue of material fact, which cannot be decided on a motion for summary judgment." Picataggio v. Romeo, supra., 36 Conn. App. 794. Because a genuine issue of material fact exists regarding the intent of the defendant, and the nature of its conduct, this issue is not ripe for summary judgment and the motions are denied on this ground.
Negligent Infliction of Emotional Distress
In the sixth count, the plaintiff alleges a cause of action for the negligent infliction of emotional distress. The defendant contends that this count must fail because the plaintiff cannot show that it had a duty to the plaintiff. The defendant further argues that the conduct alleged, i.e. the contesting of a workers' compensation claim does not involve an unreasonable risk of causing emotional distress. The plaintiff asserts that the defendant acted intentionally in refusing to pay his benefits and that in so doing, should have realized that these actions would cause him emotional distress.
"[I]n order to state . . . a claim [for negligent infliction of emotional distress], the plaintiff has the burden of pleading that the defendant should have realized that the conduct involved an unreasonable risk of causing emotional distress and that that distress, if it were CT Page 9154 caused, might result in illness or bodily harm. . . ." (Internal quotation marks omitted.) Parsons v. United Technologies Corp.,243 Conn. 66, 88, 700 A.2d 655 (1997). "The elements of negligent and intentional emotional distress differ as to the state of mind of the actor, and not to the conduct claims to be extreme and outrageous." Munizv. Kravis, 59 Conn. App. 704, 709, 757 A.2d 1207 (2000).
The allegations in this count involve the intent of the defendant in failing to pay the plaintiff's benefits. However, "[a] question of intent raises an issue of material fact, which cannot be decided on a motion for summary judgment." Picataggio v. Romeo, supra., 36 Conn. App. 794. Because a genuine issue of material fact exists regarding the intent of the defendant, this issue is not ripe for summary judgment and the motions are denied on this ground.
CUIPA/CUTPA
In the final count of the complaint, the plaintiff alleges that through its unfair claims practices, the defendant violated both General Statutes § 38-816, the Connecticut Unfair Insurance Practices Act (CUIPA), and General Statutes § 42-110 et. seq., the Connecticut Unfair Trade Practices Act (CUTPA). The defendant argues that the plaintiff fails to demonstrate that the alleged practices are unfair under the statute, and that he fails to allege that its practices have occurred in other instances.
Insurance practices are subject to concurrent regulation under General Statutes § 38-816, the Connecticut Unfair Insurance Practices Act (CUIPA), and General Statutes § 42-110 et. seq., the Connecticut Unfair Trade Practices Act (CUTPA). Mead v. Burns, 199 Conn. 651,509 A.2d 11 (1986). "[A] CUTPA claim based on an alleged unfair settlement claim settlement practice prohibited by § 38a-816 (6) required proof, as under CUIPA, that the unfair settlement practice had been committed or performed by the defendant with such frequency as to indicate a general business practice. . . . [A] CUTPA claim based on the public policy embodied in CUIPA must be consistent with the regulatory principles established therein, and that the definition of unacceptable insurer conduct in [the statute] reflects the legislative determination that isolated instances of unfair settlement practices are not so violative of public policy of this state as to warrant statutory intervention." (Internal quotation marks omitted.) Lees v. MiddlesexIns. Co., 229 Conn. 842, 850-85 1, 643 A.2d 1282 (1994); citing Mead v.Burns, supra., 199 Conn. 651.
In the seventh count at paragraph 27, the plaintiff alleges that "the defendant . . . has acted as aforesaid on other occasions such that its CT Page 9155 conduct appears to be a general business practice. . . ." Therefore, the plaintiff has adequately pleaded a CUIPA/CUTPA claim under Mead, supra. Neither party has provided evidence in support of their respective motions for summary judgment regarding whether this alleged bad faith is a general business practice. Because neither party has provided a factual basis on which the court may decide, a genuine issue of material fact remains, and therefore, the motion for summary judgment on this count must be denied.
In conclusion, the motions for summary judgment are denied. The exclusivity provision of the Workers' Compensation Act does not apply because the injury the plaintiff alleges did not arise out of the scope or course of his employment. The action is not barred by the statute of limitations because the plaintiff presented evidence that the defendant engaged in a continuing course of wrongful actions against him. Finally, genuine issues of material fact exist as to each of the plaintiffs claims. Accordingly, the court denies both the motions for summary judgment.
 ___________________ GALLAGHER, J